**UNITED STATES of America, Appellee,**

v.

**Raymond Charles KEINE, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Louis John KREGAS, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**William Charles WILSON, Appellant.**

**Nos. 125–70, 126–70, 127–70.**

United States Court of Appeals, Tenth Circuit.

Jan. 4, 1971.

Rehearing Denied in No. 127–70 Feb. 3, 1971.

Donald P. MacDonald, Denver, Colo., for appellant, Raymond Charles Keine.

Louis Parkinson, Englewood, Colo., for appellant, Louis John Kregas.

Michael A. Williams, Denver, Colo. (John T. Gaubatz, Denver, Colo., with him on the brief), for appellant, William Charles Wilson.

Milton C. Branch, Asst. U. S. Atty. (James L. Treece, U. S. Atty., on the brief), for appellee.

Before BREITENSTEIN and SETH, Circuit Judges, and TEMPLAR, District Judge.

SETH, Circuit Judge.

These are three consolidated appeals by the defendants from convictions after trial to a jury in the United States District Court for the District of Colorado. All three appellants were convicted of conspiracy to manufacture narcotics as proscribed by 21 U.S.C. § 331(q) (1). The evidence adduced at trial presented a complex intermesh of various conversations, sales of drugs, and purchases of chemicals. The jury found appellants guilty of conspiring to manufacture a drug commonly referred to as "speed." Most significant to this appeal are certain rulings and events which occurred at the trial; these are set out below with the several allegations of error and the arguments. The two most substantial points which were raised by all three of the appellants are first considered.

*The Jencks Act:*

All three of the appellants have urged error in connection with a statement they assert was required to be produced under 18 U.S.C. § 3500. The document in question is a two page "Report of Investigation," prepared by Special Agent John P. Martsh after an interview with Richard R. Maas who subsequently became a Government witness. The report is dated March 17, 1969, some three days after Maas was interviewed. This report does not appear or purport to be a substantially verbatim recital of the conversation with Maas, nor is there any indication or assertion that the statement was adopted or approved by Maas. A few days subsequent to this same interview, Maas executed two affidavits for the agent, in which he related his role in the events from which this case arose. These two affidavits, containing the substance of Maas' testimony, were available and used by the defense when Maas was on the stand. The report of Agent Martsh which is in issue here was made available to the defense when Agent Martsh took the stand on the day following the conclusion of Maas' testimony.

The material in the report of Agent Martsh that the defense argues should have been available to them when cross-examining Maas on the previous day concerned Maas' motives for contacting the narcotics agents, reported by Martsh as follows:

"Maas further stated that he was aware of the arrests of Kregas and Keine on March 11, 1969 (Denver Case No. N1–69–0023) and was afraid that he would be implicated with them since they had ordered chemicals through his firm."

Appellants urge that the credibility of Maas could have been more impressively impugned on cross-examination had they been aware of this statement. The attorneys for defendants knew in advance of trial that Maas was to appear as a witness for the Government.

When the defense was given a copy of Agent Martsh's report they moved for a

mistrial or, alternatively, to strike Maas' testimony, pursuant to 18 U.S.C. § 3500(d). Both motions were denied. At this time the trial judge ordered that the witness Maas be made available for further cross-examination if the defense so desired. The defense refused the retender of Maas for further questioning.

After the trial there were motions made for a new trial and this question was again considered. The trial judge denied the motion for a new trial, but he did find that the statement in question was a section 3500 statement that the defense was entitled to examine. However, he held that the failure of the Government to produce the report at the time Maas testified was cured by the opportunity to reexamine Maas at a later time.

The question presented is unusual in that typically cases of this nature concern an absolute refusal of the Government to produce, or the trial court to order production of, a particular statement. The issue often is whether or not a particular writing is in fact a "statement" as defined by 18 U.S.C. § 3500(e). The rule in such cases is that the finding of the trial judge will not be disturbed unless clearly erroneous. Campbell v. United States, 373 U.S. 487, 83 S.Ct. 1356, 10 L.Ed.2d 501 (1963); see 18 U.S.C. § 3500, Note 107. In our case there is considerable doubt that the report in question was in any sense "approved" or "adopted" by the witness. It was not signed by Maas and it does not appear to be a verbatim recitation of the interview with Maas under section 3500(e)(2). However, the trial judge found the report to be a section 3500 statement but it is not necessary to consider the trial court's finding. Nor is it necessary to consider whether or not the failure to produce the statement was cured by subsequent production and retender of the witness.

The appellants contend that the question here is whether or not the failure to produce Martsh's report when Maas testified could be cured by subsequent

retender of the witness. However, appellants overlook certain language in the statute. Under subsection (b), the defense is required to move the court for production of a statement after direct examination. It has been held that, while the statute is not to be construed hypertechnically, this section places some burden on the defense. In Ogden v. United States, 303 F.2d 724 (9th Cir. 1962), the court said (at 733):

"* * * [I]t would be equally destructive to permit the statute to be used as a device for creating inadvertent error. The responsibility for fairly directing the attention of the Court to the precise demand submitted for the Court's determination is appropriately placed upon the Defendant, who seeks the statute's benefits."

See also, United States v. Hilbrich, 341 F.2d 555 (7th Cir.).

During the trial the Government was apparently presenting section 3500 statements without specific request by the defense, and furthermore only omitted the statement in question through inadvertence. Even so, there is no statutory requirement that the Government offer everything in its files on every witness. In view of the fact that the portion of the report in question is quite arguably not a section 3500 statement, the Government cannot be said to have caused a reversible error in not producing it when Maas appeared. Nor can the trial court be said to have erred. There was no request by the defense, and giving the defense the benefit of all doubts as to the applicability of section 3500 to this report, the trial court attempted to cure the omission. We find no error in the refusal to order a mistrial or strike the testimony of witness Maas. The facts in this case appear to be similar to those in Badon v. United States, 269 F.2d 75 (5th Cir. 1959). In that case, too, a statement was inadvertently not produced and the witness in question was later tendered for further cross-examination. The court, without

sion, considered objection under such circumstances to be without merit.

*Sufficiency of the Indictment:*

■ All of the appellants urge that the indictment in this case is insufficient in that it did not apprise them of the specific offense committed. The indictment charged:

"That from on or about the 26th day of February, 1969, and continuously thereafter up to and including the date of the filing of this indictment, within the District of Colorado, Raymond Charles Keine, Louis John Kregas and William Charles Wilson, also known as L. John Becker, wilfully and knowingly did combine, conspire, confederate and agree together and with each other, and with divers other persons to the Grand Jury unknown, to commit an offense against the United States, that is, to wilfully and knowingly manufacture, compound and process a depressant or stimulant drug in violation of Title 21, United States Code, Section 331(q) (1)."

Thereafter, four overt acts in furtherance of the conspiracy are alleged. The appellants' basic contention is that the indictment abridges their right to be informed of the nature of the charge against them because it does not specify the exact drug which they allegedly manufactured. Several general principles regarding the requirements of valid indictments have been propounded and we do not question their validity. However, we have recently had occasion to pass on a very similar indictment in a case related to this case. In United States v. Keine, 424 F.2d 39 (10th Cir. 1970), we considered the appeal of Keine and Kregas from their conviction for a sale of narcotics closely related to the events of the instant case. In that appeal Kregas challenged the sufficiency of the indictment. In considering that argument, we said (at 40):

"The indictment alleges that on March 11, 1969, in the District of Colorado, Jeffery Hurt Armstrong, Raymond Charles Keine, Louis John Kre-

gas and Bonnie Lee Newman delivered a depressant or stimulant drug to Robert LaBree in violation of 21 U.S. C. Section 331(q) (2). We have very recently said that this statute is violated by the delivery of a depressant or stimulant drug. Tritt v. United States, 421 F.2d 928 (10th Cir. 1970). The indictment alleges such an act, and it is sufficient to state an offense under the statute. If Kregas desired additional specificity in order to prepare his defense, he could have moved for a bill of particulars under Rule 7, Fed.R.Crim.P. * * *"

We think the same question is presented in this case, and is answered by the cited language. The indictment is sufficient to protect appellants' constitutional rights.

*No. 125–70—Keine v. United States:*

■ Appellant Keine argues that the effect of this trial was to place him in double jeopardy. Prior to this trial Keine and Kregas had been convicted of selling narcotics. That same sale was one of the four overt acts alleged in furtherance of the conspiracy to manufacture. Relying primarily on two recent Supreme Court cases, Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), and Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), appellant contends that the prior conviction precluded the use of the sale as an overt act in obtaining the conviction for conspiracy to manufacture. Reading those recent decisions in the light most favorable to appellant, we cannot agree. The Waller case concerned a very narrow question of consecutive trials by city and State Governments for offenses arising out of identical transactions. The Ashe case held that the doctrine of collateral estoppel would bar a conviction if that conviction rested entirely upon a question of fact that had previously been resolved in defendants' favor. Our case is quite different. The conspiracy charged at the second trial included several overt acts not considered at the first trial. More-

over, the factual issue in question was not resolved or considered at the first trial, thus the doctrine of collateral estoppel is inapplicable. See also, Pinkerton v. United States, 328 U.S. 640, 66 S. Ct. 1180, 90 L.Ed. 1489 (1946).

The argument here is very similar to one of the questions raised in United States v. Thomas, 342 F.2d 132 (6th Cir. 1965). In that case the court said, at 135:

"* * * [T]here is settled law which holds that double jeopardy is not a defense available to prevent prosecution for a conspiracy to combine with others to commit crimes where one or more of those crimes have previously been the subject of convictions when charged as substantive offenses against individual defendants."

Also, in a case much like ours, the Second Circuit in United States v. Campisi, 248 F.2d 102, held that it was not error to include as an overt act an offense for which the defendant had been tried.

Accordingly, we do not agree that the sale for which appellants Keine and Kregas had been previously convicted was improperly included as an overt act in the subsequent charge of conspiracy to manufacture.

■ Appellant Keine raises three additional arguments, all of which are also raised by appellant Wilson. It is urged that prejudice resulted from a situation concerning one of the Government witnesses, a Mrs. DeWitt. Appellant urges that his counsel was denied an opportunity to talk to this witness prior to her testimony. As noted by the trial judge, this was an unforeseen and unfortunate situation, but it was certainly not a case like Gregory v. United States, 125 U.S. App.D.C. 140, 369 F.2d 185 (1966), in which there was an obvious and enduring attempt by the prosecution to shelter its witnesses. Whether the witness DeWitt would testify was not known to either party until just prior to trial. Neither side had much opportunity to talk with her. Most significantly, the defense did not request a recess in order to talk with her. Under such circumstances we find no error in the refusal to grant a mistrial.

Appellant alleges error in the order of proof. We agree with the trial judge that the order of proof was not as neat as it may have been, but we do not find sufficient prejudice for reversal.

Finally, appellant urges that the multiple errors alleged combined to deny him a fair trial. We do not agree.

*No. 126-70—Kregas v. United States:*

■ We have previously discussed appellant Kregas' arguments concerning the indictment and the Jencks Act. Appellant further contends that certain statements of a codefendant and evidence of other conspiracies should not have been admitted and that he is entitled to a new trial. The jury was admonished to disregard the statements of the codefendant in considering the guilt or innocence of Kregas. Given the nature of the statements and the likelihood that such statements were in fact admissible as to all defendants, that admonishment sufficed to cure any possible prejudice.

■ The other conspiracies to which appellant refers were properly alleged as overt acts in furtherance of the conspiracy which was the subject of this trial. This question is closely related to the question of double jeopardy which we have previously discussed. Evidence of the sales of drugs was properly admitted to establish some of the overt acts showing the conspiracy to manufacture.

Finally, we have reviewed the entire record of this case and we conclude that there was sufficient evidence to support the verdict.

*No. 127-70—Wilson v. United States:*

■ In addition to the points noted previously, appellant Wilson alleges that the nature of this joint conspiracy trial violated traditional standards of due process. Recognizing that there are many dangers inherent in such trials, and that many writers have criticized

them, we still cannot say that they necessarily violate due process, nor that this one did.

Finally, we do not find that the allegedly prejudicial remarks made by Government witnesses and the United States Attorney require that a new trial be granted.

In sum, we hold that all three of these convictions were proper and should be affirmed.

Affirmed.