No. 25319.

The People of the State of Colorado *v.*
William C. Wilson.
(490 P.2d 954)

Decided November 22, 1971.

Duke W. Dunbar, Attorney General, John P. Moore,
Deputy, L. James Arthur, Assistant, for The People of
the State of Colorado.

A. Daniel Rooney, for respondent.

*En Banc.*

Mr. Chief Justice Pringle delivered the opinion of
the Court.

This is a proceeding in discipline against respondent
William C. Wilson, who was admitted to the practice of
law in the State of Colorado on March 5, 1951. The

matter is now before us following the filing of charges, a hearing and the "Report, Findings, Conclusions and Recommendations" of the Supreme Court Grievance Committee.

On August 27, 1971, a formal hearing was held, and the Committee made its findings that on January 19, 1970, the respondent was sentenced to serve a term of three and one-half years, having been convicted in the United States District Court for the District of Colorado for violation of Title 21, U.S.C. 331 (q) (1), for conspiracy to manufacture depressant or stimulant drugs. Appeal was taken from this conviction and the conviction was affirmed on January 4, 1971, *Wilson v. United States,* 436 F.2d 850. Certiorari was denied by the United States Supreme Court on April 26, 1971.

The respondent, in his answer to the complaint before the Grievance Committee, contended that he had not received a fair trial in the Federal Court and that error had been committed during that trial. He also contended that the crime charged, though a felony under United States law would not have been a felony under Colorado law, and that the crime charged was not one which involved moral turpitude. These contentions were withdrawn by counsel for the respondent at the hearing and it was conceded that the crime charged would have been a felony under Colorado law and further that it was one which would involve moral turpitude.

The Committee found that the nature of the crime of which the respondent was found guilty was such as to render him an unfit person to be licensed to practice law, and that he therefore should be disbarred and recommended such disbarment. The respondent filed exceptions to the findings, contending that the punishment was harsh and unnecessary and that a suspension would be proper punishment in this case rather than disbarment.

This Court is of the opinion that the crime with which the respondent was charged, that is, con-

spiracy to manufacture "speed" is one of serious consequences and denotes moral turpitude. We think one found guilty of such a crime cannot in good conscience be permitted to practice law in this state. As officers of this Court, lawyers are charged with obedience to the laws of this state and to the laws of the United States, and intentional violation by them of these laws subjects them to the severest discipline.

It is our judgment that the respondent be disbarred from the practice of law within the State of Colorado. Costs incurred in the action of $117.16 shall be paid by the Respondent to this Court within six months after his release from confinement on the charge upon which he was convicted.