**UNITED STATES of America,
Plaintiff,**

v.

**Leroy WILLIAMS, Defendant.**

**No. H Cr 74–50.**

United States District Court,
N. D. Indiana,
Hammond Division.

Dec. 19, 1974.

John R. Wilks, U. S. Atty., Fort Wayne, Ind., Joseph Van Bokkelen, Asst. U. S. Atty., Hammond, Ind., for plaintiff.

James Foster, Hammond, Ind., for defendant.

## ORDER AND OPINION

ALLEN SHARP, District Judge.

The issues raised by Defendant's Motion to Dismiss are:

1. Whether the fact that one of the overt acts in the conspiracy of which he was convicted in Hammond Criminal No. H Cr 74–56 in June of 1974 is the same as the subject charge in the above-captioned cause violates the double jeopardy clause of the United States Constitution and

2. Whether there was a prejudicial misjoinder of counts.

The following facts are relevant to the issues presented at bar:

United States of America v. Garland Jeffers, et al., Hammond Criminal No. H Cr 74–56, which charged a violation of Title 21, United States Code, Section 846 and the above-captioned cause which charges the Defendant Leroy Williams along with Larry McMillan and Mary

Calhoun with a violation of Title 21, United States Code, Section 841(a)(1), were returned by the same Grand Jury on March 18, 1974. Defendants Calhoun and McMillan were not charged in H Cr 74–56 (the conspiracy charge), but Defendant Leroy Williams was.

The case of H Cr 74–56 set forth 17 overt acts. The evidence which was heard by this Court in Lafayette, Indiana, in H Cr 74–56 implicated that Defendant Williams in at least 11 of said overt acts named in the Indictment in addition to a number of overt acts in furtherance of the conspiracy which were unnamed.

In H Cr 74–56, the Defendant Leroy Williams was represented by retained counsel, the firm of Cohen and Thiros. At no time prior to the trial in H Cr 74–56 did either the Defendant Leroy Williams and/or his counsel move to have the above-captioned cause consolidated with H Cr 74–56.

The Court does take judicial notice that the evidence it heard in H Cr 74–56 indicated that the Defendant Leroy Williams was a principal organizer of the "Family" organization in November of 1971. The Court also takes judicial notice that the evidence showed that the Defendant Leroy Williams' name appeared in the books and records seized from the "Family" organization in March of 1972. The Court further takes notice of the testimony of unindicted co-conspirator James Henry Poole as to his meetings with the Defendant Leroy Williams in late 1971 through 1972 as regards "Family" business.

The testimony of James Berry particularly implicated the Defendant Leroy Williams in the "Family" organization as early as 1972 through the time he went to jail in early 1974.

Finally, the Court's attention is directed toward the testimony of Jevita Hobbs who testified as to Leroy Williams' connection with the "Family" in late 1971, 1972 and 1973.

None of these witnesses testified nor did they have any knowledge of the overt acts numbered 16 which gave rise to the substantive charge in the above-captioned cause.

While it was stipulated that the evidence to be presented by the Government in the above-captioned cause is essentially the same as that which was adduced to prove overt act 16 in H Cr 74–56, the evidence as to defendant's participation in the illegal agreement was not limited to merely overt act 16.

The evidence to be adduced in the above-captioned cause does not require an agreement, whereas in H Cr 74–56 it did.

The jury found Defendant Williams guilty in H Cr 74–56 in June, 1974 of a violation of Title 21, United States Code, Section 846.

The issue before the Court is whether a person who is charged with conspiracy can also be charged with a substantive offense arising out of an overt act named in the *same* conspiracy. The law is clear that he can and further that he can receive consecutive sentences if convicted on both.

The classic case dealing with the issue is that of Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946).

Walter and Daniel Pinkerton were brothers who lived a short distance from each other on Daniel's farm. They were indicted for violations of the Internal Revenue Code. The Indictment contained ten substantive counts and one conspiracy count.

Some of the overt acts charged in the conspiracy count were the same acts charged in the substantive counts. Each of the substantive offenses charged were committed pursuant to the conspiracy. The petitioners in *Pinkerton, supra,* contended that the substantive counts became merged in the conspiracy count and that only a single sentence not exceeding the maximum two year penalty provided by the conspiracy statute could be imposed. The defendants in *Pinkerton, supra,* relied on Braverman v.

United States, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942).

The Supreme Court distinguished the *Braverman* case. In *Braverman*, each of the several counts charged a conspiracy to violate a different statute. But only one conspiracy was proved. The Supreme Court held that a single conspiracy, charged under the general conspiracy statute, however diversed its objects may be, violates but a single statute, and no penalty greater than the maximum provided for one conspiracy may be imposed. The Supreme Court held *Pinkerton* to be completely distinguishable from the case at bar. In *Pinkerton* the offenses charged were not only a conspiracy but substantive offenses as well.

The Court goes on to hold that it has been long and consistently recognized that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses. The power of Congress to separate the two and to affix to each a different penalty is well established. The Court held that a conviction for the conspiracy may be had though the substantive offense was completed; and the plea of double jeopardy is no defense to a conviction for both offenses. A conspiracy is a partnership in crime. It has ingredients, as well as implications, distinct from the completion of the unlawful project.

Moreover the Court stated that it is not material that overt acts charged in the conspiracy count were also charged and proved as substantive offenses. The Court stated that if the overt act be the offense which was the object of the conspiracy, and is also punished, there is not a double punishment of it. The agreement to do an unlawful act is even then distinct from the doing of the act, citing Sneed v. United States, 298 F. 911, 912, 913 (5 CA 1924).

The Supreme Court next dealt with the issue in Sealfon v. United States, 332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180 (1947). *Sealfon* established the doctrine of collateral estoppel. The doctrine of collateral estoppel is only relevant when a jury verdict in a conspiracy trial was a determination favorable to petitioner of the facts essential to the conviction of the substantive offense.

In the case at bar it is clear that the Defendant Williams has had no favorable determination as required by *Sealfon* and the facts to be adduced are different.

The Supreme Court through a concurring opinion of Justice Jackson next spoke to the issue presented at bar in Dennis v. United States, 341 U.S. 494, 71 S.Ct. 857 at p. 899, 95 L.Ed. 1137 (1951). Justice Jackson stated that the basic rationale of the law of conspiracy is that a conspiracy is an evil in itself, independently of any other evil it seeks to accomplish. A plea of double jeopardy is no defense to the conviction for both offenses (the conspiracy offense and the substantive charge). Jackson went on to say that:

> "So far does this doctrine reach that it is well settled that Congress may make it a crime to conspire with others to do what an individual may lawfully do on his own. . . .
>
> Having held that a conspiracy alone is a crime and its consummation is another, it would be weird legal reasoning to hold that Congress could punish the one only if there was 'clear and present danger' of the second. This would compel the Government to prove two crimes in order to convict for one."

Finally, Chief Justice Warren speaking for the majority in Pereira v. United States, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435 (1954):

> "The petitioners allege[d] that their conviction on both the substantive counts and the conspiracy to commit the crimes charged in the substantive counts constituted double jeopardy. It is settled law in this country that the commission of a substantive offense and a conspiracy to commit it are separate and distinct crimes, and a plea of double jeopardy is no defense to a conviction for both. . . .

Only if the substantive offense and the conspiracy are identical does a conviction for both constitute double jeopardy. . . .

The substantive offenses with which petitioners were charged do not require more than one person for their commission; either could be accomplished by a single individual. The essence of the conspiracy charge is an agreement to use the mails to defraud and/or to transport in interstate commerce property known to have been obtained by fraud. The defendant's conviction on the substantive counts does not depend on any agreement, he being the principal actor. . . .

Thus the charge of conspiracy requires proof not essential to the convictions on the substantive offenses—proof of an agreement to commit an offense against the United States—and it cannot be said that the substantive offenses and a conspiracy are identical, any more than that two substantive offenses are identical."

The United States Court of Appeals for the Seventh Circuit has also spoken on the issue raised at bar and ruled contrary to defendant's position. Chief Judge Swygert wrote the opinion for the majority in United States v. Cardi, 478 F.2d 1362 (CA 7, 1973).

The Appellants Cardi and Cimmino were charged in a seven count indictment which, in addition to the conspiracy and substantive counts, contained three counts charging sales of narcotics without the required order form.

The conspiracy charged the defendants with concealing, buying and selling narcotic drugs known to have been unlawfully imported and of three substantive counts charging the unlawful sale of the same drugs.

The Government's evidence consisted primarily of testimony by two witnesses, a paid informer and Federal Narcotics Agent Sal Weinstein.

Cardi contended that the indictment charging both conspiracy and substantive offenses based upon the same evidence represented an abuse of prosecutorial discretion because it was intended to impress a jury with multiple charges. The Court held that in certain instances multiple charges based upon the same conduct may be prejudicial to a defense right to a fair trial, it was not the case in Cardi. The Court held that it was proper for the Government to charge Cardi with conspiracy while at the same time charging him with substantive crimes arising out of the overt acts. The substantive offenses did not merge into the conspiracy citing Pinkerton v. United States, supra.

It should also be noted that in Cardi, the defendants received consecutive sentences: a total of ten years in prison; five years on the conspiracy count and consecutive thereto three concurrent five year sentences on each of the substantive counts.

See also United States v. Pacheco, 489 F.2d 554 (CA5 1974), and United States v. Jackson, 482 F.2d 1167 (CA 10, 1973).

Jackson is particularly noteworthy in holding that consecutive sentences do not constitute double punishment for the same crime. Jackson goes on to hold that the test to determine identity of offenses is whether each count requires proof of a fact or element not required by the other.

" 'The fact that the acts constituting the substantive offense also may be pleaded and proven as acts done in furtherance of a conspiracy is not determinative of their identity.' . . Identity of offenses turns on whether the same evidence is required to prove both offenses rather than identity of evidence actually produced."

Ottomano v. United States, 468 F.2d 269 (CA 1, 1972), and United States v. Keine, 436 F.2d 850 (CA 10, 1971), are important because they distinguish two cases cited by defendant, i. e., Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970); Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).

In *Ottomano, supra,* the defendant's main contention on appeal was that he could not be constitutionally convicted of selling cocaine on a theory of aiding and abetting after being acquitted of conspiracy to commit the same offense. In making this argument, the defendant relied on the double jeopardy clause of the constitution and the doctrine of collateral estoppel incorporated in that provision by *Ashe, supra.*

The Court held that it was clear the prosecution of a particular defendant for both conspiracy and a substantive offense does not ordinarily constitute double jeopardy.

It was the contention of the defendant in *Ottomano, supra,* that his acquittal on the conspiracy charge constituted just such an essential determination in his favor as required by *Ashe, supra.*

The Court held that the doctrine of collateral estoppel is applicable only when a factual issue was necessarily determined in a previous litigation.

The Court found that:

"Nothing in the facts of this case indicates that the Court's decision could only have been based on the absence of an agreement between Ottomano and Washberg."

The Court therefore concluded that the defendants' contentions based on *Ashe, supra,* were without merit.

In *Keine, supra:*

"Appellant Keine argues that the effect of this trial was to place him in double jeopardy. Prior to this trial Keine and Kregas had been convicted of selling narcotics. That same sale was one of the four overt acts alleged in furtherance of the conspiracy to manufacture. Relying primarily on two recent Supreme Court cases, Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), and Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed. 469 (1970), appellant contends that the prior conviction precluded the use of the sale as an overt act in obtaining the con-

viction for conspiracy to manufacture. Reading those recent decisions in the light most favorable to appellant, we cannot agree. The Waller case concerned a very narrow question of consecutive trials by city and State Government for offenses arising out of identical transactions. The Ashe case held that the doctrine of collateral estoppel would bar a conviction if that conviction rested entirely upon a question of fact that had previously been resolved in defendants' favor. Our case is quite different. The conspiracy charged at the second trial included several overt acts not considered at the first trial. Moreover, the factual issue in question was not resolved or considered at the first trial, thus the doctrine of collateral estoppel is inapplicable. See also, Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946).

The argument here is very similar to one of the questions raised in United States v. Thomas, 342 F.2d 132 (6th Cir. 1965). In that case the court said, at 135:

'. . . [T]here is settled law which holds that double jeopardy is not a defense available to prevent prosecution for a conspiracy to combine with others to commit crimes where one or more of those crimes have previously been the subject of convictions when charged as substantive offenses against individual defendants.'

Also, in a case much like ours, the Second Circuit in United States v. Campisi, 248 F.2d 102, held that it was not error to include as an overt act an offense for which the defendant had been tried.

Accordingly, we do not agree that the sale for which appellants Keine and Kregas had been previously convicted was improperly included as an overt act in the subsequent charge of conspiracy to manufacture."

█ It is clear from the above cases that the Government could properly in-

902

clude as a substantive charge one or more of the overt acts.

The Defendant Williams was named in the following overt acts in H Cr 74–56: (1), (2), (4), (5), (7), (15), (16), and (17).

Additionally, evidence was adduced at trial in H Cr 74–56 connecting him with other overt acts not named in the conspiracy indictment, but tending to show his knowledge of the agreement and his involvement.

Overt act numbered 16 gives rise to the substantive charge in H Cr 74–50.

The substantive charge in H Cr 74–50 (the above-captioned cause) by its very nature does not require an agreement nor does it require more than one participant. There are two others charged, but only as aiders and abettors.

The issue which the Government was required to prove in H Cr 74–56 (and did) was whether there was an illegal agreement among the defendants, including Defendant Williams, to violate 21 U.S.C. § 841(a)(1), which agreement would violate 21 U.S.C. § 846.

In the above-captioned cause the Government is required to prove the defendant Williams knowingly and willingly distributed a controlled substance in violation of 21 U.S.C. § 841(a)(1).

Clearly the crimes are different and consecutive sentences may be imposed. The double jeopardy clause does not bar such a prosecution.

The misjoinder issue must fall likewise.

The defendant through his retained counsel never moved for a joinder of both counts, notwithstanding the fact that the indictments were returned the same day by the same Grand Jury.

Secondly, joinder of the counts would presumably be prejudicial as to the other two defendants who were not named in the conspiracy and would be severed by the Court on a proper motion.

For the above reasons, defendant's motion to dismiss should be and is denied.