## No. 27853

**The People of the State of Colorado v. R. George Silvola**

(575 P.2d 413)

Decided February 27, 1978.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edwin L. Felter, Jr., Assistant, for The People of the State of Colorado.

Pferdesteller, Vondy, Horton & Worth, Anthony L. Worth, for respondent.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

██ The respondent attorney was admitted to practice law in Colorado on December 9, 1957. On January 19, 1973, he was convicted, after a jury trial, of multiple felony-theft counts. On March 15, 1976, this Court affirmed his convictions for conspiracy to commit theft, theft-receiving, and theft, while reversing convictions on other counts. *People v. Silvola*, 190 Colo. 363, 547 P.2d 1283 (1976). The respondent's petition for certiorari was denied by the United States Supreme Court, and on July 5, 1976, the Prowers County District Court sentenced him to three concurrent terms in the State Penitentiary. Respondent served eleven months of his penitentiary sentence and was then paroled.

On March 22, 1973, the respondent's license to practice law in this state was suspended by order of this Court, and he had not been reinstated to practice.

On August 4, 1976, the Attorney General filed a formal complaint before the Grievance Committee of the Supreme Court setting out the above-stated facts, as grounds for disciplinary action. More specifically, the complaint alleged that, after a hearing at which the respondent was present and represented by counsel, the Committee found that the respondent's conduct had violated the highest standards of honesty, justice and morality as prescribed by Rules 241(B) and 258 of the Supreme Court Rules Concerning the Discipline of Attorneys, and DR 1-102(A)(3), DR 1-102(A)(4) and DR 1-102(A)(6). The Hearings Committee unanimously recommended that the respondent be disbarred and that he be assessed the costs of the proceedings. That recommendation was reviewed and approved by the full Grievance Committee.

The respondent filed exceptions to the Committee's Findings, Conclusions and Recommendations. We have reviewed these exceptions in light of the entire record and find them to be without merit. Furthermore, we have considered the respondent's request that, instead of disbarring him, we continue the current status of his license suspension indefinitely. In our view the crimes of which the respondent was convicted were serious and clearly involved moral turpitude. As Chief Justice Pringle stated in *People v. Wilson*, 176 Colo. 389, 391, 490 P.2d 954, 955 (1971):

"We think one found guilty of such a crime cannot in good conscience be permitted to practice law in this state. As officers of this Court, lawyers are charged with obedience to the laws of this state and to the laws of the United States, and intentional violation by them of these laws subjects them to the severest discipline."

It is our judgment that the respondent be disbarred from the practice of law within the State of Colorado. Costs incurred in the action in the amount of $93.67 shall be paid by the respondent to this Court within ninety days after the announcement of this opinion.