No. 79SA281

**The People of the State of Colorado v. Dennis C. McGonigle**

(600 P.2d 61)

Decided September 4, 1979.

Robert Dunlap, Special Prosecutor, for complainant.

No appearance of attorney-respondent.

*En Banc.*

JUSTICE ERICKSON delivered the opinion of the Court.

This disciplinary proceeding is an outgrowth of the sale of narcotics by a lawyer, and is directly tied to an abuse of the privileges which are afforded a lawyer in representing his clients. The conduct of Dennis C.

McGonigle, the attorney respondent, was contrary to the high standards of honesty, justice and morality imposed upon lawyers. His acts caused him to be convicted of a felony and brought about these disciplinary proceedings. We now order that his name be stricken from the role of attorneys admitted to practice before this court and disbar him from further practice.

Dennis C. McGonigle passed the bar examination and was admitted to practice law on May 19, 1975. A letter of admonition was issued to him in 1977, but his conduct, which resulted in earlier disciplinary action, was insignificant when compared to the facts which are now before us.

The respondent initiated negotiations to sell cocaine and heroin through one of his inmate clients at the Colorado State Penitentiary. The illicit scheme came to the surface when undercover agents from the Colorado Bureau of Investigation, who were attempting to determine the source of drug sales in the penitentiary, became involved in the sale. The inmate, whom the respondent represented, unknowingly caused the respondent's downfall by directing an undercover agent to the respondent so that the sale of narcotics could be completed. When the agent contacted the respondent, the respondent offered to sell heroin rather than the cocaine which had been the subject of earlier negotiations. The respondent delivered the heroin to the agent and $6,400.00 was paid.

■ McGonigle pled guilty in the district court of El Paso County to the felony of sale of a narcotic drug. Section 12-22-302, 12-22-322(2)(b), C.R.S. 1973. The drug was heroin. Pending disciplinary action, he was suspended from further practice after he entered his plea of guilty. His criminal conduct involved moral turpitude and violated DR 1-102 (A)(3).

■ Violation of the criminal laws of Colorado is grounds for discipline, and the use of his professional status to accomplish an illicit commercial transaction for profit demands the most severe sanction. Rule 241(B)(3) C.R.C.P., *People v. Wilson,* 176 Colo. 389, 490 P.2d 954 (1971); *Alaska Bar Assoc. v. Benton,* 431 P.2d 146 (Alaska 1967).

■ The transaction, which the respondent engineered, shows that he is not worthy of trust and that he has totally disregarded the oath which he took when he became a member of the bar. See *People v. Radinsky,* 182 Colo. 259, 512 P.2d 627 (1973); *People v. Radinsky,* 176 Colo. 357, 490 P.2d 951 (1971).

Accordingly, the respondent is disbarred and his name is stricken from the role of lawyers authorized to practice before this court. Costs are assessed against the respondent in the amount of $134.62, and he is ordered to make payment forthwith to the Clerk of the Supreme Court.

JUSTICE CARRIGAN does not participate.