## Nos. 79SA447 and 79SA485

### The People of the State of Colorado v. Robert L. McMichael

(609 P.2d 633)

Decided April 21, 1980.

Robert B. Kane, Disciplinary Prosecutor, Ruthanne Nedrud Polidori, Linda Donnelly, for Complainant.

Robert L. McMichael, Pro se.

*En Banc.*

JUSTICE LEE delivered the opinion of the Court.

For the purposes of this opinion, we have consolidated grievance proceedings Nos. 79SA447 and 79SA485.

Respondent Robert L. McMichael was admitted to practice law in Colorado on March 13, 1950. He was suspended under C.R.C.P. 259(F) on January 18, 1979. For the reasons herein set forth, the court has concluded that respondent should be disbarred from the further practice of law.

### No. 79SA447

A formal complaint was filed before the Supreme Court Grievance Committee, alleging that on February 9, 1979, the respondent had been convicted of felony theft in violation of section 18-4-401, C.R.S. 1973.

The record shows that respondent collected $3,000 on behalf of a client in connection with a sale of the client's real estate. These funds were commingled with respondent's other trust funds, but were unlawfully converted to respondent's own use.

Respondent was indicted by the Pueblo County Grand Jury for felony theft, in Criminal Action No. 80466 in the District Court of Pueblo County. Respondent pled guilty, his application for probation was denied, and he was sentenced to an indeterminate term in the Colorado state reformatory, not to exceed forty months.

Respondent admitted the allegations of the formal complaint. He offered in mitigation, in connection with his prayer for leniency, that a portion of the funds were appropriated by the depository bank to apply against indebtedness owed by him to the bank. No evidence in support of this assertion was submitted, other than respondent's own statement.

The grievance committee rejected respondent's plea for leniency and noted that respondent had been three times previously disciplined, twice by public censure and once by a letter of admonition. The committee noted that one of the public censures involved the commingling and misuse of a client's funds. The committee concluded that respondent has demonstrated a flagrant disregard of his professional obligations and recommended that respondent be disbarred. We agree with the recommendation of the grievance committee.

### No. 79SA485

The subject matter of this grievance proceeding was heard by a different Hearing Committee of the Supreme Court Grievance Committee than that which heard No. 79SA447. A two-count formal complaint was filed concerning professional misconduct arising out of a bankruptcy proceeding.

Respondent had been employed to commence a bankruptcy proceeding. In substance, the complaint alleged in the first count that, although he had been paid, respondent neglected to file the petition for bankruptcy for a period of approximately eight months. As a consequence of this unexplained delay, his client was sued and his wages were attached on several occasions, to his great embarrassment, inconvenience, and expense.

The grievance committee found the allegations of count 1 to be sustained by clear and convincing evidence, and concluded that the unreasonable delay in commencing the bankruptcy proceedings constituted gross neglect in violation of disciplinary rule DR 6-101(A)(3) and in violation of DR 7-101(A)(2) for failure to carry out a contract of employment entered into with his client for professional services.

In count 2, relating to the same bankruptcy matter, the complaint alleged that respondent had counseled his client to testify falsely at the hearing on the bankruptcy petition and that the client did so. Further, it was alleged that respondent gave a false answer to a question asked of him by

the bankruptcy judge. The grievance committee found that these allegations were clearly supported by the evidence and that such acts constituted illegal conduct involving moral turpitude in violation of DR 1-102(A)(3); conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of DR 1-102(A)(4); knowingly making a false statement of fact in violation of DR 7-102(A)(5); and engaging in conduct that is prejudicial to the administration of justice in violation of DR 1-102(A)(5).

The grievance committee concluded that, as a result of respondent's misconduct in the bankruptcy matter and in view of his past disciplinary record, he should be disbarred from the further practice of law. We likewise agree that, even apart from the professional misconduct in No. 79SA447, respondent's misconduct in No. 79SA485 could justify disbarment.

Conduct such as respondent engaged in cannot be excused or condoned, and will not be tolerated by this court. The public is entitled to rely upon the presumed moral and ethical character of these who are licensed to practice law. When, as in this case, an attorney violates the criminal laws of this state (*People v. Silvola,* 195 Colo. 74, 575 P.2d 413 (1978); *People v. Wilson,* 176 Colo. 389, 490 P.2d 954 (1971)), or engages in such a grossly negligent and deceitful course of conduct as respondent did in this case, he must be removed from the practice of law for the protection of the public.

It is the judgment of this court that respondent be disbarred from the practice of law in Colorado. Costs incurred in the amount of $663.57 in No. 79SA447 and in the amount of $562.30 in No. 79SA485 shall be paid by the respondent to this court within ninety days from the date hereof.