The PEOPLE of the State of Colorado, Complainant,

v.

Donald B. SWOPE, a/k/a D. Bruce Swope, Attorney-Respondent.

No. 80SA459.

Supreme Court of Colorado, En Banc.

Jan. 5, 1981.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

ERICKSON, Justice.

This disciplinary proceeding is an outgrowth of the respondent's conviction for receiving stolen property in the State of Pennsylvania. The respondent, Donald B. Swope, was admitted to practice law in Colorado on September 29, 1964. Thereafter, on June 19, 1980, he was suspended for failure to comply with the requirements of the Board of Continuing Legal and Judicial Education, and he was subsequently suspended for failure to pay his registration fee on June 26, 1980.

The respondent was indicted July 24, 1974, by a grand jury in York County, Pennsylvania, for the felony charge of receiving stolen property in the amount of $17,000. He was tried and convicted and a five-year suspended sentence was imposed. He was also placed on probation and ordered to make restitution. In pronouncing sentence, the trial judge declared that one factor which he took into consideration in imposing sentence was that the respondent would be disbarred. On appeal, the respondent's conviction was upheld and the Pennsylvania Supreme Court entered an interim suspension order on October 17, 1975, pending conclusion of proceedings before the Disciplinary Board of the Supreme Court of Pennsylvania. The disciplinary proceedings were not concluded until 1979, when the Supreme Court of Pennsylvania ordered that the respondent be suspended from the practice of law for a period of five years, retroactive to October 17, 1975.

Subsequently, the Colorado Supreme Court Grievance Committee commenced disciplinary proceedings against the respondent and, although served, the respondent has not appeared at any stage of the proceedings. Rules 257 and 258, C.R. C.P. *See People v. Hilgers*, Colo., 612 P.2d 1134 (1980). An attorney licensed to practice law in the State of Colorado is subject to discipline by the Colorado Supreme Court in the event of his conviction of a criminal offense in a foreign jurisdiction. Rule 258, C.R.C.P. *See* Annot., *Attorney's Conviction in Foreign or Federal Jurisdiction as Grounds for Disciplinary Action*, 98 A.L.

R.3d 357. In *People v. McMichael*, Colo., 609 P.2d 633 (1980), we disbarred a lawyer convicted of felony theft to protect the public. The record before us causes us to conclude that the respondent should be disbarred in Colorado to protect the public and to maintain the standards of the profession. *People v. Silvola*, 195 Colo. 74, 575 P.2d 413 (1978); *People v. Wilson*, 176 Colo. 389, 490 P.2d 954 (1971).

Accordingly, the respondent is disbarred and his name is ordered stricken from the rolls of this Court, and costs are imposed in the amount of $51.01. The respondent is also foreclosed from applying for readmission for a period of eight years and at that time may only seek readmission by again sitting for the bar examination. Moreover, the respondent may not take the bar examination until he satisfies the Grievance Committee that he has made full restitution and has been rehabilitated.

