The PEOPLE of the State of Colorado, Complainant,

v.

Dean David YOUNG, Attorney-Respondent.

No. 86SA397.

Supreme Court of Colorado, En Banc.

Feb. 23, 1987.

Linda Donnelly, Disciplinary Prosecutor, George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

David A. Ogilvie, Denver, for attorney-respondent.

LOHR, Justice.

This is a disciplinary proceeding in which the Colorado Supreme Court Grievance Committee recommended disbarment of respondent Dean David Young. The recommendation was based on the respondent's use of cocaine and his conviction in federal court of using a communication facility to distribute cocaine in violation of 18 U.S.C. § 1952 (1982). The Grievance Committee concluded that the respondent's conduct violated Rules 241.6(1), (3) and (5), and Rule 241.16 of the Colorado Rules of Civil Procedure, and DR1–102(A)(1), (4) and (6) of the Code of Professional Responsibility. We agree with the conclusions and recommendation, and order that the respondent be disbarred and that he be required to pay the costs of this disciplinary proceeding.

Dean David Young was admitted to the bar of this court on September 5, 1969, and is subject to the jurisdiction of the Grievance Committee and of this court in this proceeding.

The relevant facts are derived from the findings of the Grievance Committee hearing board. The respondent initially practiced law in Denver, then moved his practice to Aspen, and after becoming involved in various business activities, terminated his law practice sometime subsequent to the year 1976. During 1981, after the dissolution of his marriage, the respondent began to use alcohol and cocaine to excess. This activity intensified until 1985. In June of 1985 federal authorities apprehended the respondent and discovered in his possession 3.7 pounds of cocaine, which he had received through an express parcel carrier in a shipment from Fort Lauderdale, Florida, to Denver, Colorado. He was charged in United States District

Court with violation of 18 U.S.C. § 1952 (1982).[1] On January 17, 1986, the respondent entered into a plea agreement pursuant to which he pleaded guilty to the felony offense of use of a communication facility to distribute cocaine in violation of section 1952. He was convicted and was sentenced to four years of imprisonment.

The disciplinary prosecutor then initiated this grievance proceeding based upon the respondent's federal felony conviction. *See* C.R.C.P. 241.16(c) and (e). After a hearing, a hearing board of the Grievance Committee found that the respondent (1) "was involved in the use of cocaine and, incident to such use, received a shipment of 3.7 pounds of the drug through interstate commerce in violation of federal laws"; and (2) "pled guilty to a felony, use of a communication facility to distribute cocaine, in violation of Title 18, U.S. Code, Section 1952." The hearing board concluded that the respondent's conduct violated C.R.C.P. 241.6(1) (act that violates Code of Professional Responsibility), C.R.C.P. 241.6(3) (act that violates highest standards of honesty, justice or morality), C.R.C.P. 241.6(5) (act that violates criminal laws of United States), and C.R.C.P. 241.16 (conviction of a serious crime), as well as DR 1–102(A)(1) (violation of a disciplinary rule), DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation), and DR 1–102(A)(6) (engaging in conduct that adversely reflects on fitness to practice law) of the Code of Professional Responsibility.

The hearing board recommended that the respondent be disbarred for his misconduct.

In arriving at this recommendation, the board recognized that the respondent had no record of prior discipline. It noted, however, that rule 5.11 of the *ABA Standards for Imposing Lawyer Sanctions* states that disbarment is generally appropriate when a lawyer engages in serious criminal conduct which includes the sale, distribution or importation of controlled substances. Although the respondent had asserted as an affirmative defense that his mental capacity was so diminished from addiction to and use of drugs that he was unable to refrain from committing the acts with which he was charged, the hearing board found that the record did not support this contention even to a degree relevant to mitigation. The hearing board found that the 3.7 pound quantity of cocaine discovered in the respondent's possession was an amount inconsistent with his claim that it was for his daily "social usage," even if his share of the cocaine was only one-third of the total, as the respondent claimed. Although noting that the respondent had testified candidly and had expressed a sincere desire to reform, the hearing board considered the misconduct to be so serious as to require disbarment. The hearing board also recommended that costs be assessed against the respondent. A hearing panel of the Grievance Committee approved the report of the hearing board, including the recommendation of disbarment, and referred the matter to this court. The respondent filed no exceptions to the findings, conclusions and recommendations of

**1.** 18 U.S.C. § 1952 (1982) provides:

(a) Whoever travels in interstate or foreign commerce or uses any facility in interstate or foreign commerce, including the mail, with intent to—

   (1) distribute the proceeds of any unlawful activity; or

   (2) commit any crime of violence to further any unlawful activity; or

   (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity,

and thereafter performs or attempts to perform any of the acts specified in subparagraphs (1), (2), and (3), shall be fined not more than $10,-000 or imprisoned for not more than five years, or both.

(b) As used in this section "unlawful activity" means (1) any business enterprise involving gambling, liquor on which the Federal excise tax has not been paid, narcotics or controlled substances (as defined in section 102(6) of the Controlled Substances Act), or prostitution offenses in violation of the laws of the State in which they are committed or of the United States, or (2) extortion, bribery, or arson in violation of the laws of the State in which committed or of the United States.

. . . .

the Grievance Committee, and the matter is now before us for review and disposition.

Since the respondent has not excepted to the hearing board's findings, we accept them as true. Implicit in the finding that the quantity of cocaine possessed by the respondent was inconsistent with his claim that it was for personal use is the conclusion that the respondent was supplying others with the drug. In the past, we have held that attorney misconduct concerning the trafficking in illegal drugs is criminal conduct that involves moral turpitude and demands the most severe discipline. *People v. Unruh*, 621 P.2d 948, 949 (Colo. 1980); *People v. McGonigle*, 198 Colo. 315, 316, 600 P.2d 61, 62 (1979). As in *People v. Unruh*, we believe in the present case that "[s]evere discipline is required to punish the respondent for his misconduct, to deter others from similar misconduct, and to maintain the respect and honor of the legal profession." *People v. Unruh*, 621 P.2d at 949. Although the respondent testified that he has rid his life of illegal drugs, an attorney's recognition of his drug abuse problem and his efforts to overcome that problem, while commendable, "do not override his responsibility to act in accordance with the highest standards of justice, ethics, and morality." *People v. Fitzke*, 716 P.2d 1065, 1068–69 (Colo.1986) (quoting *People v. Loseke*, 698 P.2d 809, 810 (Colo. 1985)). The appropriate measure of discipline for misconduct of this character, consistent with the duty of this court to protect the public and the legal profession, is disbarment.

Accordingly, the respondent, Dean David Young, is hereby disbarred and his name is ordered stricken from the roll of attorneys licensed to practice before this court. The respondent shall be assessed the costs of this proceeding in the amount of $176.05, to be paid within sixty days from the date of the announcement of this opinion to the Supreme Court Grievance Committee, 600 17th Street, Suite 500 South, Denver, Colorado 80202. The respondent shall comply with the requirements of C.R.C.P. 241.21 and shall not be readmitted to the practice of law in Colorado unless and until he shall have complied with C.R.C.P. 241.22(a) and shall have paid the costs assessed in this opinion.