The PEOPLE of the State of
Colorado, Complainant,

v.

Nick AVILA, Jr., Respondent.

No. 89SA180.

Supreme Court of Colorado,
En Banc.

July 17, 1989.

Linda Donnelly, Disciplinary Counsel, and George S. Meyer, Chief Deputy Disciplinary Counsel, Denver, for complainant.

Nick Avila, Jr., Safford, Ariz., pro se respondent.

MULLARKEY, Justice.

The Supreme Court Grievance Committee has recommended the disbarment of Nick Avila, Jr. because he was convicted of four drug-related felonies in the United States District Court for the District of Colorado. The Committee also recommends that the costs of the proceeding be assessed against Avila. We accept the recommendations.

Avila was admitted to practice law in Colorado in 1977 and is subject to the disciplinary jurisdiction of this court and its Grievance Committee. By order dated July 1, 1986, we suspended Avila's license to practice law. On January 28, 1988, Avila was convicted in federal district court of one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 (1982) and three counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (1982). Avila was sentenced to a concurrent ten year prison sentence on each count and he was also fined $10,000.00. He presently is incarcerated in a federal prison.

According to the indictment which led to his convictions, Avila was involved in the importation of cocaine from Florida to Colorado. In three transactions occurring in April through August 1987, Avila received more than three kilograms of cocaine.

The Grievance Committee found that Avila violated C.R.C.P. 241.6(1) (violation of the Code of Professional Responsibility), C.R.C.P. 241.6(3) (violation of the highest standards of honesty, justice or morality), C.R.C.P. 241.6(5) (violation of the criminal laws of the United States), DR 1–102(A)(1) (violation of a disciplinary rule), and DR 1–102(A)(3) (engaging in illegal conduct involving moral turpitude). Avila has filed no exceptions to the Grievance Committee's findings and recommendations.

We agree with the Grievance Committee that disbarment is the appropriate sanction. *See* Standard 5.11(a), ABA Standards for Imposing Lawyer Sanctions (1986) (disbarment is generally appropriate when lawyer engages in sale, distribution or importation of controlled substances). *See also People v. Young*, 732 P.2d 1208, 1210 (Colo.1987) ("attorney misconduct concerning the trafficking in illegal drugs is criminal conduct that involves moral turpitude and demands the most severe discipline"). No mitigating factors are present in this case.

Accordingly, it is hereby ordered that Nick Avila, Jr. is disbarred from the practice of law effective on the date of this opinion and that his name be stricken from the roll of attorneys licensed to practice in this state. It is further ordered that the respondent pay costs in the amount of $212.61 within thirty days of the date of this order to the Supreme Court Grievance Committee, Suite 500S, 600 Seventeenth Street, Denver, Colorado 80202–5435.