The PEOPLE of the State of
Colorado, Complainant,

v.

James Michael TYLER, Attorney–
Respondent.

No. 94SA313.

Supreme Court of Colorado,
En Banc.

Oct. 17, 1994.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Mitch Geller, Denver, for attorney-respondent.

PER CURIAM.

The respondent[1] and the assistant disciplinary counsel in this attorney disciplinary case entered into a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. The parties agreed that disbarment was the appropriate disciplinary sanction. An inquiry panel of the Supreme Court Grievance Committee ap-

proved the stipulation and agreement and recommended that the respondent be disbarred and assessed the costs of the proceedings. We accept the stipulation and agreement, and the recommendation of the inquiry panel.

## I

The parties stipulated that on December 18, 1992, the respondent was indicted for a pattern of racketeering activity under the Colorado Organized Crime Control Act involving the distribution of marihuana and other controlled substances in Summit County, Colorado. On December 6, 1993, the respondent pleaded guilty to distribution of marihuana, in violation of § 18–18–106(8)(b), 8B C.R.S. (1986) and § 18–18–406(8)(b), 8B C.R.S. (Supp.1994), a class 4 felony. He was sentenced to eight years in a community corrections facility and was assessed a fine and costs totalling $1,250.

As the respondent has admitted, distribution of marihuana is a serious crime under C.R.C.P. 241.16(e), contrary to C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline), and DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law).

## II

The inquiry panel recommended that the respondent be disbarred. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ), in the absence of aggravating or mitigating factors, disbarment is appropriate when "a lawyer engages in serious criminal conduct, a necessary element of which includes ... the sale, distribution or importation of controlled substances...." ABA *Standards* 5.11(a). We have said that

> [d]isbarment is appropriate when an attorney sells, distributes, or imports illegal drugs. *See, e.g., People v. Harfmann,* 638 P.2d 745 (Colo.1981) (attorney disbarred

1. The respondent was admitted to the bar of this court on September 10, 1976, is registered as an attorney upon this court's official records, and is

subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

for sale and introduction of illegal drugs in county jail); *People v. Unruh,* 621 P.2d 948 (Colo.1980) (deputy district attorney's use of illegal drugs and narcotics and conspiring to import narcotics into the United States warrants disbarment).

*People v. Abelman,* 804 P.2d 859, 862 n. 2 (Colo.1991). *See also People v. Laquey,* 862 P.2d 278, 280 (Colo.1993) (purchasing ten pounds of marihuana in order to sell or distribute it and possessing firearm while on probation warrants disbarment); *People v. Avila,* 778 P.2d 657, 657 (Colo.1989) (convictions for conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine warrant disbarment). In aggravation, the respondent has previously received two letters of admonition. ABA *Standards* 9.22(a). We therefore accept the stipulation, agreement, and conditional admission of misconduct, and the recommendation of the inquiry panel.

### III

It is hereby ordered that James Michael Tyler be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is further ordered that Tyler pay the costs of this proceeding in the amount of $169.52 within thirty days after this opinion is issued to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.