The PEOPLE of the State of
Colorado, Complainant,

v.

Richard D. UNRUH,
Attorney–Respondent.

No. 80 SA 283.

Supreme Court of Colorado,
En Banc.

Oct. 6, 1980.

As modified on Denial of Rehearing
Oct. 27, 1980.

Paul D. Cooper, Sp. Prosecutor, Denver, for complainant.

Merle R. Knous, J. Michael Dowling, Denver, for attorney–respondent.

ERICKSON, Justice.

This is a disciplinary proceeding in which the Supreme Court Grievance Committee recommended disbarment. We concur in the recommendation and order that the respondent, Richard D. Unruh, be disbarred.

The respondent may not apply for reinstatement for at least eight years and then only upon compliance with the terms and conditions set forth at the conclusion of this opinion.

Respondent was admitted to practice law in the State of Colorado on October 23, 1970. He served in a number of legal service programs before undertaking the duties of Deputy District Attorney in San Miguel County, Colorado.

In 1975, the Colorado Organized Crime Strike Force was investigating illegal drug traffic in Telluride, Colorado. The respondent, while serving as a deputy district attorney, entered into an illicit agreement with undercover agents of the Strike Force to obtain a share of the profits from the importation of narcotic drugs from Mexico. In furtherance of the conspiracy, he delivered $5,000 to the undercover agents for the privilege of participating in the profits from importing narcotic drugs and purchased cocaine for one of the undercover agents. In addition, he agreed to hide a fugitive from justice. He also snorted cocaine in the presence of an undercover agent. The allegations made before the Grievance Committee were proven by clear and convincing evidence. The respondent was charged with criminal offenses and, as part of a plea bargain, pled guilty to being a disorderly person which is a misdemeanor.

The respondent violated DR 1–102(A)(3) and (6) of the Code of Professional Responsibility and Colo.R.Civil P. 241(B)(3) and (4). His professional misconduct strikes at the very foundation of our judicial system. He totally disregarded his oath of office and his obligation as a deputy district attorney to uphold, maintain, and enforce the law. See Canon 1, *Code of Professional Responsibility.* He used illegal drugs and narcotics, conspired to smuggle narcotics into the United States from Mexico, and attempted to obstruct the administration of justice by agreeing to hide a fugitive. He not only breached his duty to enforce the law, but also openly violated the law. His oath of office as a deputy district attorney demanded a high standard of professional conduct and required that he en-

force the law and not violate the law. The respondent's misconduct as a deputy district attorney destroys public confidence in the administration of criminal justice.

In this case the respondent concedes that he committed each of the violations which we have specified. However, he seeks lenity on the theory that he has good character and a good reputation. His misconduct cannot be justified on any basis. The respondent has seriously damaged the image of the legal profession. The respondent's flagrant violation of the laws, which he took an oath to uphold and enforce as deputy district attorney, tends to discredit all law enforcement officers. Character and reputation evidence provides no basis for leniency in this case.

The respondent was thirty–six years old at the time the acts complained of occurred, and his misconduct is not the product of youth or inexperience. Other jurisdictions, when dealing with similar misconduct, have imposed severe sanctions. *See Comm. on Professional Ethics v. Green*, 285 N.W.2d 17 (Ia.1979) (revocation of license following a plea of guilty to a reduced charge of controlled substance offense (cocaine)); *Louisiana State Bar Association v. Bensabat*, 378 So.2d 380 (La.1979) (disbarment for conspiracy to import cocaine, and to possess with intent to distribute); *The Florida Bar v. Beasley*, 351 So.2d 959 (Fla.1977) (disbarment for conviction of delivery of marijuana to a client).

The respondent's misconduct involves moral turpitude and demands the most severe discipline. *People v. Wilson*, 176 Colo. 389, 490 P.2d 954 (1971). Severe discipline is required to punish the respondent for his misconduct, to deter others from similar misconduct, and to maintain the respect and honor of the legal profession. *See, In the Matter of Leopold*, 469 Pa. 384, 366 A.2d 227 (1976); *In re Smith*, 83 Wash.2d 659, 521 P.2d 212 (1974). A lawyer who enters into a conspiracy to violate the law by importing narcotic drugs for distribution should be disbarred. *In the Matter of Gorman*, Ind., 379 N.E.2d 970 (1978); *In the Matter of Glasser*, 53 App. Div.2d 38, 385 N.Y.S.2d 86 (1976). In this case the respondent's misconduct was aggravated by his position as a Deputy District Attorney for San Miguel County, Colorado.

Accordingly, the respondent, Richard D. Unruh, is disbarred and his name is ordered stricken from the roll of attorneys licensed to practice before this Court. The respondent is also foreclosed from applying for readmission for a period of eight years. At the conclusion of eight years, the respondent may apply for readmission provided that he can establish that he has been rehabilitated. To be readmitted he must prove that he is competent and fit to practice law, and has complied with all rules and orders of this Court. Rule 6.2, *American Bar Association Standards for Lawyer Discipline and Disability Proceedings*. Since the sanction is disbarment, the respondent must establish his competency to practice law after the expiration of eight years by again passing the bar examination. Costs are assessed in the amount of $215.13, and shall be paid to the Clerk of the Colorado Supreme Court within sixty days.

DUBOFSKY, J., does not participate.