The PEOPLE of the State of Colorado, Complainant,

v.

Frank G.E. TUCKER, Attorney-Respondent.

No. 83SA311.

Supreme Court of Colorado, En Banc.

Nov. 7, 1983.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

Harold A. Haddon, Denver, for attorney-respondent.

KIRSHBAUM, Justice.

On July 31, 1978, respondent, Frank G.E. Tucker, was convicted of two counts of embezzlement of public property, in violation of section 18–8–407, C.R.S.1973 (1978 Repl.Vol. 8). On August 4, 1978, pursuant to a stipulation executed by respondent, this court ordered an interim suspension of respondent's license to practice law in Colorado. These two felony convictions were subsequently reversed. *See People v. Tucker*, 631 P.2d 162 (Colo.1981). However, the 1978 suspension order has not been rescinded.

On January 29, 1979, respondent was convicted by a jury of the petty offense of second degree official misconduct, in violation of section 18–8–405, C.R.S.1973 (1978 Repl.Vol. 8), and the misdemeanor offense of failure to disclose a conflict of interest, in violation of section 18–8–308, C.R.S.1973 (1978 Repl.Vol. 8). On June 22, 1979, the proceedings now before us were initiated by the filing of a formal complaint against respondent with the Colorado Supreme Court Grievance Committee (Committee). This complaint alleged in pertinent part that respondent's petty offense and misdemeanor convictions violated C.R.C.P.258, and that the conduct underlying those convictions violated DR 1–102(A)(3)–(6) and DR 8–101(A)(3) of the Colorado Code of Professional Responsibility (the Code), as well as C.R.C.P. 241.

In 1982, a second complaint, containing three counts, was filed against respondent with the Committee. The first count contained allegations relating to a series of events beginning in October 1975, when respondent attended a convention of district attorneys in Colorado Springs, Colorado, over a weekend, accompanied by a female companion described by him as a drug informer. The allegations included charges that respondent billed both Rio

Blanco and Garfield Counties for expenses related to the convention. The second count alleged that from February 1975 to December 1976 respondent improperly requested and received reimbursement from Garfield County for telephone calls to California to this same person, who had moved to that state. The third count alleged that in May 1978, one month before the commencement of his trial on charges of embezzlement, respondent arranged for plane tickets to Hawaii for this person and her sister, and that said person, potentially a key witness for the prosecution at the trial, was, therefore, unavailable to testify.

Respondent has executed a stipulation and conditional admission of misconduct respecting the allegations of these complaints. In response to the 1979 complaint, respondent admits that the conduct underlying his convictions of second degree official misconduct and failure to disclose a conflict of interest violated C.R.C.P. 258, and DR 1–102(A)(3)–(6) of the Code. With respect to the third count of the 1982 complaint, respondent acknowledges that during his 1978 trial he initially testified, in response to cross-examination by the prosecuting attorney, that he did not know where his former companion was; that he later admitted that a month earlier he had arranged for her travel to Hawaii under an assumed name; and that his conduct violated C.R.C.P. 241.6, as well as DR 1–102(A)(1), (4), (5), and (6) and DR 7–109(B) of the Code. The stipulation provides for dismissal of the first and second counts of this complaint.

Respondent also acknowledges that in January 1978, he received a letter of admonition from the Committee on the basis of a complaint which had been filed against him. The letter admonished respondent for his conduct, while a district attorney, in making improper, unsubstantiated and misleading statements about the complainant to the complainant's employer.

Respondent has agreed that, based on these stipulations, he should be suspended from the practice of law for one year and one day, and that he will pay the costs incurred in connection with both proceedings. Respondent's stipulation has been accepted by an inquiry panel of the Committee.

We agree with the panel's recommendation that, on the basis of respondent's admitted conduct and his prior letter of admonition, he should be suspended from the practice of law in Colorado for a period of one year and one day, commencing with the date of this opinion, and that he shall pay all costs of both proceedings. C.R.C.P. 258 authorizes the imposition of disciplinary action against an attorney convicted of a crime if, after investigation, the Committee concludes that the crime warrants such action, and also provides that any act which violates the highest standards of honesty, justice or morality constitutes grounds for discipline. The provisions of DR 1–102(A)(1)–(6) prohibit, *inter alia*, violating any disciplinary rule; engaging in illegal conduct involving moral turpitude; engaging in illegal conduct involving dishonesty, fraud, deceit, or misrepresentation; and engaging in conduct prejudicial to the administration of justice. Respondent's conduct while in office not only contravened Colorado criminal statutes, but also flagrantly violated minimal standards of candor and honesty required of all who are admitted to the practice of law in this jurisdiction. Respondent's actions with respect to his defense of the criminal proceedings brought against him constituted an additional flagrant departure from the norms of integrity and honesty required of attorneys.

Accordingly, respondent is hereby suspended from the practice of law for a period of one year and one day from the date of this opinion. Respondent shall not be eligible for reinstatement to the practice of law in the State of Colorado prior to the expiration of that time. Any application for such reinstatement must be supported by clear and convincing evidence both that the respondent is fit to practice law and that all requirements for reinstatement contained in C.R.C.P. 241.22 have been satisfied. Respondent is further ordered to pay the costs of these two proceedings,

$32.10, to the Supreme Court Grievance Committee, 190 East Ninth Avenue, Suite 440, Denver, Colorado, 80203, within thirty days of the date of this opinion.