The PEOPLE of the State of
Colorado, Complainant,

v.

William Raymond SHARPE,
Attorney–Respondent.

No. 89SA281.

Supreme Court of Colorado,
En Banc.

Oct. 30, 1989.

---

John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

William R. Sharpe, Golden, pro se.

Justice LOHR delivered the Opinion of the Court.

On June 26, 1989, William Raymond Sharpe and the disciplinary counsel for the Supreme Court Grievance Committee entered into a stipulation, agreement and conditional admission of misconduct. An inquiry panel of the grievance committee accepted the stipulation and agreement and recommended that Sharpe be disciplined by public censure.[1] We also accept the stipulation and agreement and conclude that the seriousness of Sharpe's misconduct, even when balanced against the mitigating factors presented in his statement in mitigation, warrants public censure.

### I.

In Sharpe's stipulation, he admitted the following facts and agreed with the following conclusions. Sharpe was admitted to the bar of this court on March 3, 1986,[2] and is registered as an attorney upon the official records of this court. Accordingly, he is subject to the jurisdiction of this court and its grievance committee in these proceedings.

Sharpe, a deputy district attorney for Jefferson County, Colorado, was the principal prosecutor in a case in which Richard Borrego and Anthony Lucero were charged with the first-degree murder of an off-duty deputy sheriff. The prosecution sought the death penalty for both defendants, and the case was highly-publicized and emotional. On May 6, 1987, Sharpe and David Duran, counsel for Lucero, discussed the case in the hallway outside the courtroom. During the conversation Sharpe said to Duran, "I don't believe either one of those chili-eating bastards." Based on that re-

mark, defense counsel moved to strike the death penalty and to disqualify Sharpe from further participation in the case. The trial court held a hearing and denied the motions. Many persons perceived the remark as indicating that Sharpe was racially prejudiced against Hispanics and that he was motivated by that prejudice in prosecuting Hispanic defendants.

Sharpe stipulated, and we agree, that his remark "was highly inappropriate, offensive, and brought disrepute upon the prosecution's case and the legal profession in general, in violation of DR 1–102(A)(6)."

### II.

Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), public censure "is generally appropriate when a lawyer in an official or governmental position negligently fails to follow proper procedures or rules, and causes injury or potential injury to a party or to the integrity of the legal process." *ABA Standards* 5.23. In this case, Sharpe's use of a racial epithet while serving as a public official was intolerable and cast the integrity of the legal process into doubt.

In determining what discipline should be imposed, we have considered the following mitigating factors: (1) Sharpe's lack of a prior disciplinary record, *see ABA Standards* 9.32(a); (2) Sharpe's full cooperation with the disciplinary counsel's office, *see id.* 9.32(e); and (3) Sharpe's remorse. *See id.* 9.32(1). Sharpe's substantial experience as a lawyer and prosecutor, however, is an aggravating factor. *See id.* 9.22(i). Giving consideration to all these factors, we conclude that public censure is warranted. Such a sanction is necessary in order to emphasize that lawyers, especially those

---

1. In the stipulation and agreement, the disciplinary counsel recommended a public censure. Sharpe, while agreeing to accept such discipline, requested a private censure.

   Six members of the inquiry panel favored public censure, two members were "opposed" and two members were absent. The members who were opposed preferred to make no recom-

mendation to the court as to the discipline to be imposed.

2. Sharpe avers in his statement in mitigation that he has been a prosecuting attorney for most of the sixteen years that he has been a lawyer. This court's records confirm that he was admitted to the bar in Florida in 1973.

acting as public officials, must scrupulously avoid statements as well as deeds that could be perceived as indicating that their actions are motivated to any extent by racial prejudice.

### III.

Accordingly, William Raymond Sharpe is hereby publicly censured by this court for his professional misconduct. This public censure will remain on file with this court and may be considered in determining appropriate discipline should he again violate the Code of Professional Responsibility.

ERICKSON, J., does not participate.