The PEOPLE of the State of
Colorado, Complainant,

v.

Gregory D. ROBINSON, Attorney–
Respondent.

No. 92SA338.

Supreme Court of Colorado,
En Banc.

Oct. 19, 1992.

---

9. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Terry Tomsick, Denver, for atty.-respondent.

PER CURIAM.

In this attorney discipline case, the respondent and the assistant disciplinary counsel entered into a stipulation, agreement, and conditional admission of misconduct that includes the respondent's agreement to the imposition of a sanction of suspension from the practice of law for a period of time ranging from six months to three years. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation and recommended that the respondent be suspended for a period of six months and be assessed the costs of the proceeding. The assistant disciplinary counsel asserts that suspension for eighteen to twenty-four months would constitute a more appropriate sanction.

We accept the stipulation and conclude that the respondent should be suspended from the practice of law for a period of one year.

I

The respondent was admitted to the bar of this court on October 25, 1989, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). The parties have stipulated to all pertinent facts.

The respondent served as a county court deputy district attorney in Aspen, Colorado, from January 7 to September 17, 1991. He did not handle felony cases involving the use, possession or distribution of cocaine.

In August 1991, as the result of information imparted to the respondent's supervisor that the respondent was using cocaine, an investigation into the respondent's conduct was conducted by the Office of the District Attorney for the Ninth Judicial District and the United States Drug Enforcement Administration. The respondent was subsequently indicted by a federal grand jury for possession of cocaine.

On January 6, 1992, pursuant to a plea agreement, the respondent entered a plea of guilty to two violations of 21 U.S.C. § 844(a) (Supp. II 1990). The factual basis for such plea included a stipulation that on two occasions in March and April of 1991 the respondent ingested small quantities of cocaine at an Aspen, Colorado, residence.

On January 16, 1992, the respondent was placed on probation for a term of one year, with the entry of judgment deferred. The proceedings against the respondent will be dismissed if he satisfies the terms and conditions of his probation.

The respondent has initiated and completed an intensive six-week out-patient drug program and has been undergoing random urinalysis tests since October 1, 1991. All samples have tested negative.

The respondent admitted that his conduct violated DR 1–102(A)(6) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law), and C.R.C.P. 241.-

**6**

6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline). While simple possession of cocaine is a misdemeanor under federal law, 21 U.S.C. § 844(a) (Supp. II 1990), use of cocaine constitutes a class 5 felony under section 18–18–104, 8B C.R.S. (1986). *People v. Holt*, 832 P.2d 948, 949 (Colo.1992).

## II

 Conduct involving the knowing possession and use of an illegal drug such as cocaine constitutes a serious offense warranting a substantial sanction. *Holt*, 832 P.2d at 950; *People v. Abelman*, 804 P.2d 859, 861 (Colo.1991) (*Abelman II*). Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986 & Supp.1992) (ABA *Standards*), in the absence of aggravating or mitigating factors, suspension is an appropriate sanction when "a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice." ABA *Standards* 5.12. The attorney-respondent in *People v. Abelman*, 744 P.2d 486 (Colo.1987) (*Abelman I*), pleaded guilty to using cocaine, contrary to section 18–18–104, 8B C.R.S. (1986). Based on the absence of prior disciplinary action and the attorney's successful treatment plan and positive prognosis, a six-month suspension was imposed by this court. *Abelman I*, 744 P.2d at 488–89.

 The respondent in this proceeding has no prior disciplinary history, ABA *Standards* 9.32(a), and has cooperated fully with the Supreme Court Grievance Committee. *Id.* at 9.32(e). Moreover, the respondent was inexperienced in the practice of law at the time of the misconduct, *id.* at 9.32(f), and there is the presence of interim rehabilitation. In view of these mitigating factors, a suspension of three years would be inappropriately severe.

However, consideration of the respondent's employment at the time of his misconduct suggests that a six-month suspension would be inadequate. All attorneys must abstain from criminal conduct. The respondent, however, undertook an even higher responsibility to the public with respect to this obligation by virtue of his public office as an attorney engaged in law enforcement. *People v. Larsen*, 808 P.2d 1265, 1267 (Colo.1991) (elected district attorney suspended for three years for convictions for purchasing marihuana and official misconduct); *People v. Sharpe*, 781 P.2d 659, 660–61 (Colo.1989) (deputy district attorney publicly censured for use of racial epithet). While the respondent's conduct in this case may not have been as serious as the official misconduct in *Larsen*, a significant period of suspension is warranted. In view of all the circumstances, including the mitigating factors established by the evidence, we conclude that a period of suspension for one year is appropriate.

## III

For the foregoing reasons, it is hereby ordered that Gregory D. Robinson be suspended from the practice of law for one year, effective thirty days after the issuance of this opinion. C.R.C.P. 241.21(a). The respondent is also assessed the costs of these proceedings, in the amount of $49.02, which sum shall be paid within thirty days after the issuance of this opinion to the Supreme Court Grievance Committee, Dominion Plaza, No. 500–S, 600—17th Street, Denver, Colorado 80202–5435.

QUINN, J., does not participate.