**The PEOPLE of the State of Colorado, Complainant,**

v.

**Rick J. BROWN, Attorney–Respondent.**

**No. 92SA289.**

Supreme Court of Colorado, En Banc.

Nov. 9, 1992.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Richard A. St. Denis, Breckenridge, for attorney-respondent.

PER CURIAM.

The respondent in this attorney discipline proceeding has admitted that, while serving as a deputy state public defender, he improperly solicited and converted funds from indigent criminal defendants and their relatives, and used cocaine. Moreover, the respondent lied about the conversions and submitted fabricated evidence to a special prosecutor and to a disciplinary counsel investigator. Because of the allegations which are the subject of this proceeding, we temporarily suspended the respondent from the practice of law pending further order of the court, effective December 8, 1990. C.R.C.P. 241.8.

A hearing panel of the Supreme Court Grievance Committee unanimously approved the recommendation of the hearing board that the respondent be disbarred and pay the costs of the proceeding. Neither the assistant disciplinary counsel nor the respondent has excepted to the recommendation of disbarment, but the respondent has requested that the order of disbarment be made retroactive to the effective date of his temporary suspension. We accept the recommendation of the hearing panel and we decline to make the disbarment retroactive because of the seriousness of the misconduct and the absence of unreasonable delay in the disciplinary proceedings.

I.

The respondent was admitted to the bar of this court on October 30, 1984, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

The respondent and the assistant disciplinary counsel entered into an unconditional stipulation of facts prior to the hearing before the board, and thus the hearing was conducted solely on the issue of the appropriate sanction. Based on the stipulation, testimony from the respondent, and exhibits introduced into evidence, the hearing board found that the following facts and charges had been established by clear and convincing evidence.

### A.

In April 1989, the respondent, in his capacity as a deputy state public defender and supervising attorney for the Fifth Judicial District, represented a criminal defendant in connection with a drug possession charge. On June 5, 1989, the defendant pleaded guilty to a felony charge of use of a controlled substance, and sentencing was scheduled for September 1989. The charge to which the defendant pleaded guilty provided for a deferred sentence if the defendant was found to be a person in need of treatment and required that the defendant obtain an evaluation from a mental health professional.

In April or May 1989, the respondent asked the defendant's sister for $100 to pay for such an evaluation, and the sister sent a $100 check payable to the respondent at his home address. On or about June 26, 1989, Mark C. Johnson, the complainant, called the respondent and asked for an explanation for the $100 payment, and requested the name, address, and telephone number of the mental health professional to whom the $100 was paid. The respondent represented to Johnson that the funds were paid to a Dr. Robert Alexander. Although the respondent said that Dr. Alexander did not have an office in Colorado, he told Johnson that he would provide the doctor's address and telephone number at a later date. The same day, the respondent reimbursed the defendant's sister.

On June 30, 1989, following receipt of a message from the respondent that the doctor could be reached at a certain telephone number, a public defender investigator was instructed to interview Dr. Alexander.

When the investigator called the number supplied by the respondent, he reached an individual in New York City who stated that he was a friend of the respondent. The friend said that Dr. Alexander had just left for Europe, but had left a message stating that the doctor had met with the respondent regarding the defendant for two hours at $75 per hour. The friend did not expect to hear back from Dr. Alexander.

Johnson filed a request for investigation with the Office of Disciplinary Counsel. In addition, the State Public Defender referred this matter, as well as other allegations against the respondent, for a criminal investigation, and a special prosecutor was appointed. The special prosecutor was unable to verify the existence of Dr. Alexander in the records or professional registries of either New York or Colorado.

In the response filed by the respondent to the request for investigation in this disciplinary matter on August 17, 1989, the respondent stated that he had been contacted by a Dr. Robert Alexander who had obtained the respondent's telephone number from the respondent's friend in New York. The respondent also represented that he had met with Dr. Alexander on May 8 and 28, 1989, and had paid the doctor $150 for the consultations. The respondent attached copies of two receipts signed by "R. Alexander" evidencing payments of $100 and $50 for the consultations.

On September 1, 1989, the respondent met with the special prosecutor and his investigator, and gave them a copy of his response to the request for investigation, including the receipts allegedly signed by "R. Alexander." Subsequently, in December 1989, the respondent met with the disciplinary counsel investigator. In that meeting, the respondent restated the story contained in his written response and also submitted copies of notes he had supposedly made with respect to his meeting with Dr. Alexander.

On June 28, 1990, the respondent's friend, through his attorney, sent a letter to the special prosecutor stating that the

friend knew no Dr. Alexander, and that the respondent had asked him to provide information concerning the doctor to third parties. The respondent has admitted, and the hearing board found, that the respondent gave false information and submitted fabricated evidence to the special prosecutor and his investigator. The respondent also gave false information and submitted fabricated evidence in his response to the request for investigation in this disciplinary matter and during an interview with the disciplinary counsel investigator. The respondent's conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice); C.R.C.P. 241.6(3) (misconduct involving any act or omission violating the highest standards of honesty, justice, or morality is grounds for discipline); and C.R.C.P. 241.6(7) (obstruction of the grievance committee or any part thereof in the performance of its duties constitutes ground for lawyer discipline).

### B.

Based in part on the conduct outlined above, the respondent pleaded guilty on August 10, 1990, to embezzlement of public property, § 18–8–407, 8B C.R.S. (1986 & 1992 Supp.) (class 5 felony)[1]; false reporting, § 18–8–111, 8B C.R.S. (1986) (class 3 misdemeanor); and first degree official misconduct, § 18–8–404, 8B C.R.S. (1986) (class 2 misdemeanor). The respondent was sentenced to two years probation on the embezzlement charge, six months in jail with all but fifteen days suspended on the false reporting charge, and twelve months in jail with all but fifteen days suspended on the charge of first degree official misconduct. Among other conditions of probation, the respondent was required to pay restitution in the amount of $2,580.46, perform thirty hours of public service, and

submit to random drug testing and ongoing counseling. As the hearing board determined, the respondent was convicted of serious crimes as defined in C.R.C.P. 241.16(e). His conduct violated DR 1–102(A)(4) and DR 1–102(A)(5), as well as C.R.C.P. 241.6(3), (5), and (7).

### C.

The respondent has also admitted that he used cocaine while serving as a deputy state public defender, contrary to Colorado criminal law and contrary to C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline), and DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law).

### D.

In May and June 1989, while employed as a deputy state public defender, and as supervising attorney for the Fifth Judicial District, the respondent improperly solicited and converted to his own use $100 from one public defender client, and $100 each from two mothers of public defender clients. The respondent misrepresented to the mothers that the funds were to be used for professional evaluations of their sons. On May 5, 1989, the respondent improperly solicited and converted to his own use $250 on behalf of another public defender client, although he later paid $250 to the client's treating psychologist for services rendered. The respondent failed to disclose these conversions to the disciplinary counsel investigator in December 1989.

The respondent's conduct violated DR 1–102(A)(4); DR 1–102(A)(6); DR 9–102(A) (all funds of clients paid to the lawyer shall be deposited in one or more identifiable interest-bearing depository accounts maintained in the state in which the law office is located); DR 9–102(B)(3) (a lawyer shall not

---

1. As to the facts and disciplinary violations underlying the embezzlement conviction, the respondent and disciplinary counsel entered into a stipulation in which respondent acknowledged that he had pleaded guilty to embezzlement and been sentenced; however, no further details were provided in the stipulation. The Board accepted the stipulation, closed the fact-finding portion of the hearing without further findings, and proceeded to the sanctions portion of the hearing.

fail to maintain complete records of client property in the possession of the lawyer and to render appropriate accounts to the client regarding the property); C.R.C.P. 241.6(3); and C.R.C.P. 241.6(5).

## II.

The hearing panel approved the board's recommendation that the respondent be disbarred, and the respondent has not excepted to this recommendation. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986 & Supp. 1992) (ABA *Standards*), disbarment is warranted. In the absence of aggravating or mitigating circumstances, "[d]isbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client." ABA *Standards* 4.11. Further, "[d]isbarment is generally appropriate when a lawyer knowingly deceives a client with the intent to benefit the lawyer or another, and causes serious injury or potentially serious injury to a client." *Id.* at 4.61. *See also id.* at 5.11 (disbarment appropriate for serious criminal conduct involving misrepresentation, misappropriation, or theft). At the time of his criminal and professional misconduct, the respondent was a deputy state public defender. As a public official, the respondent undertook a very high responsibility and obligation to the public to abstain from criminal conduct. *See People v. Robinson*, 839 P.2d 4, 6 (Colo.1992) (deputy district attorney suspended for one year because of federal conviction for use of cocaine). The factors in mitigation noted by the hearing board, such as the lack of a prior disciplinary history, and certain personal and emotional problems that the respondent was experiencing, do not call for a sanction less than disbarment.

The respondent has asked that the order of disbarment be made retroactive to the date of his temporary suspension, which was effective December 8, 1990. Under C.R.C.P. 241.21(a), orders imposing disbarment or suspension are effective thirty days after the date of the entry of the order or at such other time as this court may direct. In *People v. Abelman*, 804 P.2d 859, 862–63 (Colo.1991), we discussed what circumstances, if any, would justify the retroactive imposition of suspension or disbarment in the *absence* of an order imposing immediate suspension during the pendency of the disciplinary proceedings.

It is reasonable to conclude that the respondent played a significant part in delaying the initial investigation by lying in his response to the request for investigation and to the disciplinary counsel investigator, and by submitting fabricated evidence to the grievance committee. Given the seriousness of the respondent's multiple disciplinary offenses, the magnitude of his breach of the public trust and of the trust between lawyer and client, and the absence of any unreasonable delay in the disciplinary proceedings, we decline to impose the order of disbarment retroactively.

## III.

Accordingly, it is hereby ordered that Rick J. Brown be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is further ordered that Brown pay the costs of this proceeding in the amount of $573.77 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.