**The PEOPLE of the State of Colorado, Complainant,**

v.

**William Patrick BUCKLEY, Attorney–Respondent.**

**No. 93SA10.**

Supreme Court of Colorado, En Banc.

Feb. 16, 1993.

Linda Donnelly, Disciplinary Counsel, Sandra J. Pfaff, Asst. Disciplinary Counsel, Denver, for complainant.

Leonard M. Chesler, Denver, for attorney-respondent.

PER CURIAM.

In this attorney discipline case the respondent and the assistant disciplinary counsel have entered into a stipulation, agreement, and conditional admission of misconduct providing for the imposition of either a private or public censure. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation, and a majority of the panel recommended the imposition of a private censure. We accept the stipulation, but conclude that public censure constitutes the appropriate sanction under all of the circumstances.

## I

The respondent was admitted to the bar of this court on October 1, 1971, and is registered as an attorney upon this court's official records. He is therefore subject to the jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b).

The parties have stipulated to the following relevant facts. On April 6, 1992, the respondent, a chief deputy district attorney in the District Attorney's Office, City and County of Denver, entered a department store in Southglenn Mall, Arapahoe County, Colorado, to purchase beds. Prior to entering the store, the respondent had consumed prescription medications lawfully prescribed by a physician for treatment of a severe headache. The respondent had previously purchased a defective hair dryer from the same store. While in the store, the respondent took a second and duplicate hair dryer worth $17.99 and placed it in a shopping bag. The respondent then carried the item from the store without paying for it and without making arrangements with the store to exchange it for the defective dryer.

On July 21, 1992, the respondent, having sought legal advice and wanting to address his wrongful conduct, entered into a stipulation for deferred judgment and sentence

in the Arapahoe County Court, based upon a plea of guilty to the offense of theft of less than fifty dollars, a class 3 misdemeanor. § 18–4–401(2)(a), 8B C.R.S. (1986). As conditions of his deferred judgment, the respondent agreed to remain in counseling until released by the treatment provider and to complete twenty-four hours of community service. He has completed the latter requirement and has complied fully with all other conditions of his deferred judgment. The respondent has admitted that his conduct violated C.R.C.P. 241.6(3) (misconduct involving any act or omission violating the highest standards of honesty, justice or morality is grounds for discipline); C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline); DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); and DR 1–102(A)(6) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

## II

Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986 & Supp.1992) (ABA *Standards*), in the absence of aggravating or mitigating factors, public censure "is generally appropriate when a lawyer knowingly engages in ... conduct that involves dishonesty, fraud, deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice law." ABA *Standards* 5.13. This court has previously imposed the sanction of public censure for convictions of misdemeanor offenses when the misconduct was not directly related to the practice of law. *See People v. Borchard*, 825 P.2d 999 (Colo.1992) (public censure appropriate for attorney convicted of misdemeanor failure to file federal income tax return); *People v. Senn*, 824 P.2d 822 (Colo.1992) (public censure appropriate for attorney who committed the offense of prohibited use of weapon); *cf. People v. Wallace*, 837 P.2d 1223 (Colo.1992) (conviction for misdemeanor assault warrants three-month suspension where conduct caused serious injury on more than one occasion).

All attorneys must scrupulously abstain from engaging in criminal conduct. However, the respondent assumed a greater responsibility to the public with respect to this obligation by virtue of his public office as an attorney engaged in law enforcement. *People v. Robinson*, 839 P.2d 4, 6 (Colo.1992) (deputy district attorney suspended for one year for conduct involving use of cocaine); *People v. Larsen*, 808 P.2d 1265, 1267 (Colo.1991) (district attorney suspended for three years for convictions for purchasing marihuana and official misconduct). *See also People v. Brown*, 840 P.2d 348, 351 (Colo.1992) (deputy state public defender disbarred for improperly soliciting and converting funds from indigent criminal defendants and their relatives, using cocaine, lying about the conversions, and submitting fabricated evidence to special prosecutor and to disciplinary counsel investigator); *People v. Sharpe*, 781 P.2d 659, 660–61 (Colo.1989) (deputy district attorney publicly censured for use of racial epithet); *People v. Brown*, 726 P.2d 638, 640–41 (Colo.1986) (district attorney disbarred for abuse of power and office, and misuse of position, as reflected in felony and misdemeanor convictions); *People v. Tucker*, 676 P.2d 680, 681 (Colo.1983) (district attorney suspended for improper billing of counties for expenses and efforts to prevent material witness from testifying at trial); *People v. Unruh*, 621 P.2d 948, 948–49 (Colo.1980) (deputy district attorney disbarred for using illegal drugs, conspiring to smuggle narcotics into United States, and attempting to obstruct administration of justice). Although the offense involved in this proceeding is classified as a misdemeanor, theft is a "serious crime" as defined in C.R.C.P. 241.16(e)(2). *See People v. Silvola*, 195 Colo. 74, 75, 575 P.2d 413, 413 (1978) (convictions of attorney for conspiracy to commit theft, theft-receiving, and theft, are serious and clearly involved moral turpitude); *White v. Board of Medical Exam'rs*, 70 Colo. 50, 51, 197 P. 564, 564–65 (1921) (stating in dicta that petty larceny is recognized as a crime of moral turpitude).

The record discloses numerous mitigating factors in this case. The respondent has not previously been subject to professional disciplinary proceedings in over twenty years of practice. ABA *Standards* 9.32(a). He was experiencing personal or emotional problems at the time of the incident resulting from his prosecution of several murder cases within a short period of time and from the fact that he was on "homicide call" on the weekend preceding the incident. *Id.* at 9.32(c). The respondent made a timely good faith effort to rectify the consequences of his misconduct, *id.* at 9.32(d); has made full and free disclosure to the grievance committee and has fully cooperated in the disciplinary proceedings, *id.* at 9.32(e); and has exhibited remorse, *id.* at 9.32(*l*). The record also discloses that the respondent enjoys a reputation of good character in the legal community, *id.* at 9.32(g), and that the respondent has experienced other penalties and sanctions as a consequence of his misconduct, including coverage of this incident by the public media, *id.* at 9.32(k). The record also reveals the presence of two aggravating factors: the respondent acted with a selfish and dishonest motive, ABA *Standards* 9.22(b), and the respondent has substantial experience in the practice of law, *id.* at 9.22(i).

In view of the seriousness of the underlying offense, and giving due consideration to the fact that the respondent was employed as an attorney engaged in law enforcement at the time he engaged in the misconduct, we conclude that imposition of a public censure constitutes the appropriate sanction in this case. In so doing, we note the disciplinary counsel's representation that the "[r]espondent's act was an isolated one, after 20 years of exemplary service as an attorney, committed when respondent was operating under abnormally stressful circumstances." But for these and other significant mitigating factors, a more severe sanction might be deemed appropriate.

## III

It is hereby ordered that the respondent be publicly censured. It is further ordered

that the respondent pay the costs of this proceeding in the amount of $49.02 within thirty days after the date of this opinion to the Supreme Court Grievance Committee, 500–S Dominion Plaza, 600—17th Street, Denver, Colorado 80202–5435.