**The PEOPLE of the State of Colorado, Complainant,**

v.

**Mary Loren FREEMAN, Attorney–Respondent.**

**No. 94SA188.**

Supreme Court of Colorado, En Banc.

June 20, 1994.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

John R. Olsen, Boulder, for attorney-respondent.

## PER CURIAM.

The assistant disciplinary counsel and the respondent[1] in this attorney discipline case entered into a stipulation, agreement, and conditional admission of misconduct. C.R.C.P. 241.18. In the stipulation, the parties recommended that the respondent be suspended from the practice of law for six months. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation and the recommendation. We accept the stipulation and order that the respondent be suspended for six months and pay the costs of the proceeding.

### I.

The parties recited the following facts in the stipulation:

b. On August 3, 1993, respondent was charged with Possession of a Schedule II Controlled Substance, to-wit: cocaine, contrary to C.R.S. § 18–18–405, a Class 3 felony. At the time of her arrest, respondent was employed as a Boulder County District Attorney in the Child Support Unit.

c. On September 9, 1993, respondent pleaded guilty to a Class 5 Felony—Accessory to Crime (C.R.S. § 18–8–105) and to a Class 1 Petty Offense—2nd Degree Official Misconduct (C.R.S. § 18–8–405(1)(a)). Her pleas were based upon the following *stipulated* statement of fact: "Mary Freeman found drug paraphernalia in her home and in an effort to keep it from being used by another person, she placed it in the trash on the front curb. She did not use the paraphernalia nor use drugs."

d. On September 9, 1993, The Honorable Joseph Bellipanni, Boulder County District Court, sentenced respondent to a one-year deferred sentence with no special conditions in connection with the Class 5 Felony. Respondent received no sentence for her plea of guilty to the Class 1 Petty Offense.

The respondent admitted that her conduct violated Rule of Professional Conduct 8.4(a) (commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects); as well as C.R.C.P. 241.6(3) (an act or omission violating the highest standards of honesty, justice, or morality), and C.R.C.P. 241.6(5) (violation of the criminal laws of a state or of the United States).

### II.

The respondent's class 5 felony conviction for being an accessory to a crime is a serious crime as defined by C.R.C.P. 241.16(e). Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), in the absence of aggravating or mitigating factors, suspension is generally warranted when "a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice."

All lawyers are subject to professional discipline when they violate the law. However, the respondent's status as a deputy district attorney at the time she committed the offenses is an aggravating factor because public officials engaged in law enforcement have assumed an even greater responsibility to the public than have other lawyers. *People v. Buckley*, 848 P.2d 353, 354 (Colo.1993) (depu-

---

1. The respondent was admitted to the bar of this court on October 16, 1981, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

ty district attorney publicly censured following conviction for theft of item having value less than $50); *People v. Robinson*, 839 P.2d 4, 6 (Colo.1992) (deputy district attorney suspended for one year for conduct involving use of cocaine); *People v. Larsen*, 808 P.2d 1265, 1267 (Colo.1991) (elected district attorney suspended for three years for convictions for purchasing marihuana and official misconduct); *see also People v. Brown*, 840 P.2d 348, 351 (Colo.1992) (deputy state public defender disbarred for improperly soliciting and converting funds from indigent criminal defendants and their relatives, using cocaine, lying about the conversions, and submitting fabricated evidence to special prosecutor and to disciplinary counsel investigator); *People v. Sharpe*, 781 P.2d 659, 660–61 (Colo.1989) (deputy district attorney publicly censured for use of racial epithet); *People v. Brown*, 726 P.2d 638, 640–41 (Colo.1986) (district attorney disbarred for abuse of power and office, and misuse of position, as reflected in felony and misdemeanor convictions); *People v. Tucker*, 676 P.2d 680, 681 (Colo.1983) (improper billing of counties for expenses while employed as district attorney and efforts to prevent material witness from testifying at trial warrants suspension); *People v. Unruh*, 621 P.2d 948, 948–49 (Colo.1980) (deputy district attorney disbarred for using illegal drugs, conspiring to smuggle narcotics into United States, and attempting to obstruct administration of justice).

In *Robinson*, 839 P.2d at 6, we suspended a county court deputy district attorney for one year for conduct which resulted in his conviction for use of cocaine. In this case, the assistant disciplinary counsel has stipulated that there is no evidence that the respondent ever used or sold a controlled substance, that the paraphernalia belonged to the respondent's spouse, that the respondent's position as a deputy district attorney did not involve the prosecution of drug-related matters, and that the respondent has already suffered substantially in the loss of her job. In addition, the respondent has been temporarily suspended from the practice of law because of the above criminal convictions since November 2, 1993. *See* C.R.C.P. 241.8.

The respondent has no previous disciplinary history. *See* ABA *Standards* 9.32(a) (absence of previous discipline is a mitigating factor). The assistant disciplinary counsel states that the following mitigating factors are also present: the absence of a dishonest or selfish motive, *id.* at 9.32(b); a timely good faith effort to rectify the consequences of misconduct, *id.* at 9.32(d); full and free disclosure to the disciplinary board, *id.* at 9.32(e); good character or reputation, *id.* at 9.32(g); the imposition of other penalties or sanctions, *id.* at 9.32(k); and remorse, *id.* at 9.32(*l*).

Taking the above mitigating circumstances into account, we conclude that a six-month suspension is appropriate. Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, and the inquiry panel's recommendation. Nevertheless, at least one member of the court would have rejected the stipulation and the recommendation of a six-month suspension as too lenient.

### III.

It is hereby ordered that Mary Loren Freeman be suspended from the practice of law for six months, commencing immediately upon the issuance of this opinion. It is further ordered that Freeman pay the costs of this proceeding in the amount of $45.00 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202.

