The PEOPLE of the State of Colorado, Complainant,

v.

Gordon H. GROLAND, Attorney–Respondent.

No. 95SA350.

Supreme Court of Colorado, En Banc.

Nov. 28, 1995.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Gordon H. Groland, Gainesville, Pro Se.

PER CURIAM.

An inquiry panel of the supreme court grievance committee approved a stipulation, agreement and conditional admission of misconduct, C.R.C.P. 241.18, and recommended that the respondent in this lawyer discipline proceeding be suspended for one year and one day. We accept the conditional admission and the inquiry panel's recommendation.

I.

The respondent was admitted to practice law in Colorado in 1990, and was licensed to practice law in Florida in 1971. The assistant disciplinary counsel and the respondent stipulated to the following facts and disciplinary violations.

A.

In March 1993, the respondent's wife filed a petition for dissolution of marriage. She obtained a restraining order preventing the respondent from having direct contact with her. At the time that the petition was filed and through November 1993, the respondent was a Deputy District Attorney for the Denver District Attorney's Office. In November

1993, the respondent resigned and moved to Florida.

The respondent repeatedly and frequently violated the restraining orders between April 1993 and February 1994. He contacted his former wife at home and at work when he was specifically ordered not to; he threatened to harm or kill other persons; refused to be deposed when his deposition was scheduled; and willfully failed to comply with a child support order, resulting in a finding of contempt.

The respondent was arrested by the Boulder County Sheriff's Department on February 12, 1994, on charges of criminal extortion, harassment, and violation of a restraining order, all relating to matters reported by the respondent's wife. When the respondent was released on bond, the bond conditions provided that the respondent was to have no contact of any kind with his wife, including telephone, fax, by third party, or mail. Nevertheless, the respondent called his wife at work about eight times on February 14 and 15, 1994. As a result, a second warrant for the respondent's arrest was issued, and he was subsequently arrested in Florida.

The respondent entered into a plea agreement on November 3, 1994, and pleaded guilty to two class 3 misdemeanors: harassment, § 18–9–111(1), 8B C.R.S. (1986 & 1993 Supp.); and violation of bail bond conditions, § 18–8–212(2), 8B C.R.S. (1995 Supp.). The charges were both designated as acts of domestic violence and the respondent was ordered to participate in a domestic violence treatment program. *See* § 18–6–801(1), 8B C.R.S. (1995 Supp.). He was sentenced to two concurrent two-year terms of probation.

The respondent stipulated that the foregoing conduct violated R.P.C. 8.4(b) (commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects); R.P.C. 8.4(d) (engage in conduct that is prejudicial to the administration of justice); R.P.C. 8.4(h) (engage in conduct that adversely reflects on the lawyer's fitness to practice law); and C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline).

## B.

In March 1995, the Boulder County Probation Department filed complaints alleging that the respondent had violated various conditions of probation. The violations charged included refusal to participate in domestic violence treatments; leaving Florida and coming to Colorado in February 1995 without the permission of the probation officer or the court; contacting his wife by mail; having his son call her at home; and refusing to have a residential phone and providing the probation department with only a mobile pager number.

The district court found that the respondent violated the conditions of his probation, but reinstated probation with the added conditions of community service, that he quickly enroll in domestic violence counseling, and that the respondent remain in Florida unless granted permission to leave.

The respondent admitted that his violations of the conditions of probation were contrary to R.P.C. 8.4(d) (conduct that is prejudicial to the administration of justice); R.P.C. 8.4(h) (conduct adversely reflecting on fitness to practice law); and C.R.C.P. 241.6(5) (violation of the criminal laws of a state or of the United States).

## II.

The inquiry panel approved the conditional admission, and recommended that the respondent be suspended for one year and one day. The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) provides that in the absence of aggravating or mitigating circumstances, suspension is generally appropriate when "a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice." *Id.* at 5.12.

In mitigation, according to the assistant disciplinary counsel, the respondent does not have a history of discipline, ABA *Standards* 9.32(a) (absence of prior discipline is a mitigating factor); was suffering from personal

or emotional problems at the time of the misconduct, *id.* at 9.32(c); has cooperated with the Office of Disciplinary Counsel, *id.* at 9.32(e); and has had other penalties or sanctions imposed on him, *id.* at 9.32(k).

The respondent was a deputy district attorney at the time some of the misconduct occurred, however, and this constitutes an aggravating factor

because public officials engaged in law enforcement have assumed an even greater responsibility to the public than have other lawyers. *People v. Buckley,* 848 P.2d 353, 354 (Colo.1993) (deputy district attorney publicly censured following conviction for theft of item having value less than $50); *People v. Robinson,* 839 P.2d 4, 6 (Colo. 1992) (deputy district attorney suspended for one year for conduct involving use of cocaine); *People v. Larsen,* 808 P.2d 1265, 1267 (Colo.1991) (elected district attorney suspended for three years for convictions for purchasing marihuana and official misconduct); *see also People v. Brown,* 840 P.2d 348, 351 (Colo.1992) (deputy state public defender disbarred for improperly soliciting and converting funds from indigent criminal defendants and their relatives, using cocaine, lying about the conversions, and submitting fabricated evidence to special prosecutor and to disciplinary counsel investigator); *People v. Sharpe,* 781 P.2d 659, 660–61 (Colo.1989) (deputy district attorney publicly censured for use of racial epithet); *People v. Brown,* 726 P.2d 638, 640–41 (Colo.1986) (district attorney disbarred for abuse of power and office, and misuse of position, as reflected in felony and misdemeanor convictions); *People v. Tucker,* 676 P.2d 680, 681 (Colo. 1983) (improper billing of counties for expenses while employed as district attorney and efforts to prevent material witness from testifying at trial warrants suspension); *People v. Unruh,* 621 P.2d 948, 948–49 (Colo.1980) (deputy district attorney disbarred for using illegal drugs, conspiring to smuggle narcotics into United States, and attempting to obstruct administration of justice).

*People v. Freeman,* 885 P.2d 205, 206–07 (Colo.1994) (deputy district attorney suspended for six months for felony conviction for being accessory to crime). Additional aggravating factors include an extensive pattern of misconduct, ABA *Standards* 9.22(c); multiple offenses, *id.* at 9.22(d); and substantial experience in the practice of law, *id.* at 9.22(i). Given the specific circumstances of this case, we have decided to accept the conditional admission and the inquiry panel's recommendation.

### III.

Accordingly, it is hereby ordered that Gordon H. Groland be suspended from the practice of law for one year and one day, effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is also ordered that the respondent pay the costs of this proceeding in the amount of $54.19 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202. Groland shall not be reinstated until after he has complied with C.R.C.P. 241.22(b)–(d).