The PEOPLE of the State of
Colorado, Complainant,

v.

Timothy Jensen TUTHILL, Respondent.

No. 06PDJ072.

Office of the Presiding Disciplinary Judge
of the Supreme Court of Colorado.

March 14, 2007.

## REPORT, DECISION, AND ORDER IMPOSING SANCTIONS PURSUANT TO C.R.C.P. 251.19(c)

### I.  ISSUE & SUMMARY

Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct, which does not contain the elements listed in ABA *Standard* 5.11, and that seriously adversely reflects on the lawyer's fitness to practice.  Respondent was convicted in two separate criminal matters:  felony possession of a controlled substance and driving

under the influence. Is suspension the appropriate sanction?

On May 17, 2005, Respondent was arrested following a routine traffic stop. When the police searched Respondent's vehicle they found baggies containing methamphetamine along with approximately $800.00 in cash. After obtaining bond on this arrest, Respondent violated the terms of his bond by testing positive for amphetamines and the court thereafter revoked his bond.

On January 3, 2006, Respondent failed a roadside sobriety test and was arrested for Driving Under the Influence of Drugs. During a search of his vehicle, officers found approximately $500.00 in cash and a baggie that tested positive for amphetamines. These facts are sufficient to warrant a suspension. The only question is the length of suspension to be imposed.

*SANCTION IMPOSED:* **ATTORNEY SUSPENDED FOR TWO YEARS**

## II. *PROCEDURAL HISTORY AND FACTUAL BACKGROUND*

This matter originally came before the Court on the People's complaint filed September 13, 2006. Respondent did not answer the complaint. On October 31, 2006, the People filed "Complainant's Motion for Default." On November 21, 2006, the Court entered an order of default. The Court then set the matter for a sanctions hearing on March 1, 2007.

Since the Court has granted a default judgment, the Court adopts and incorporates by reference the factual background detailed in the admitted complaint.[1]

Respondent took and subscribed the oath of admission and gained admission to the Bar of the Colorado Supreme Court on October 25, 1989. He is registered upon the official records of the Colorado Supreme Court, Attorney Registration No. 19014, and is there-

fore subject to the jurisdiction of the Court. His registered business address is P.O. Box 850, Cortez, Colorado 81321.[2]

Respondent was suspended for one year and one day, effective July 8, 2004, in *People v. Tuthill,* 03PDJ111; he has not sought reinstatement and remains suspended on that matter.

### *People v. Timothy J. Tuthill, case no. 05CR862, Mesa County*

On May 17, 2005, law enforcement officers stopped Respondent's vehicle based upon a stolen car report. The officers later discovered the car Respondent was driving in-fact belonged to him. But after receiving the stolen car report, Respondent failed to report to them that his car had been returned.

Officers conducted a pat-down search after Respondent was taken into custody and found three baggies in a larger baggie in Respondent's left front pants pocket. Two of these baggies tested positive for methamphetamine. Officers also found $497.00 in cash in Respondent's shirt pocket.

While out on bond on this case, Respondent tested positive for amphetamines on August 10, 2005, and on December 24, 2005. The district attorney filed a motion to revoke the bond. The motion was granted, and on January 11, 2006, a warrant issued for Respondent's arrest. On January 13, 2006, as part of a plea agreement, Respondent pled guilty to possession of a controlled substance—schedule II—more than 1 gram, C.R.S. 18–18–405(1), (2)(a)(I)(A)(F4) in the Mesa County District Court.

Respondent violated Colo. RPC 8.4(b) and C.R.C.P. 251.5(b) by committing a criminal act which violates the criminal laws of the State of Colorado and reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects.

---

1. *See* the People's complaint filed September 13, 2006.

2. Mailings to Respondent's registered address have been returned. The post office listed a forwarding address for Respondent, but noted the forwarding time had expired. The address listed as the forwarding address is: 2842 Scott Street, Grand Junction, CO 81503. Respondent has signed for certified mail at this address and mail sent to this address via regular mail has not been returned. Since learning of the Scott Street address, the People send all correspondence to Respondent at both the registered address and the Scott Street address.

*People v. Timothy J. Tuthill, case no. 06CR019, Mesa County*

On January 3, 2006, officers stopped Respondent's car when they saw his vehicle drifting across lanes. Respondent failed a roadside sobriety test and was arrested for suspicion of Driving Under the Influence/Driving Under the Influence of Drugs.

Officers searched Respondent's car incident to the arrest and found an envelope beneath the driver's seat, containing $500.00 in cash (4–$100.00 bills and 5–$20.00 bills). Next to the envelope was a 3″ × 2″ zip lock bag with a white powder, which later tested positive for amphetamines. The officer also found a $20.00 bill rolled up as a snort tube under the driver's seat next to the envelope containing the money.

At the time of the stop, there was an outstanding municipal warrant for Respondent's failure to appear on a dog violation. Respondent was arrested and charged as follows:

- Possession of a controlled substance-schedule II-more than 1 gram, C.R.S. 18–18–405(1),(2)(a)(I)(A)(F4);
- Possession of drug paraphernalia, C.R.S. 18–18–428(1)(PO–2);
- Driving under the influence, C.R.S. 42–4–1301(1)(a)(M);
- Changing of lanes, C.R.S. 42–4–1007(1)(a)(TI–A); and
- Violation of bail bond conditions—felony, C.R.S. 18–8–212(1)(F6).

As part of a plea agreement on both criminal matters discussed above, 05CR862 and 06CR019, Respondent pled guilty to one count of possession of a controlled substance—schedule II-more than 1 gram, C.R.S. 18–18–405(1), (2)(a)(I)(A)(F4), and driving under the influence of drugs C.R.S. 42–4–1301(1)(a)(M) on January 13, 2006. The remaining counts were dismissed and the district attorney agreed not to file bond violation charges for Respondent's prior positive tests for drugs.

Respondent violated Colo. RPC 8.4(b) and C.R.C.P. 251.5(b) by committing a criminal act which violates the criminal laws of the State of Colorado and reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects.

### Respondent Failed to Report his Convictions

Respondent also violated C.R.C.P. 251.20(b) when he failed to report his convictions within ten days after pleading guilty in case numbers 05CR862 and 06CR019.

### III. SANCTIONS

The ABA Standards for Imposing Lawyer Sanctions (1991 & Supp.1992) ("ABA *Standards* ") and Colorado Supreme Court case law are the guiding authorities for selecting and imposing sanctions for lawyer misconduct. *In re Roose,* 69 P.3d 43, 46–47 (Colo.2003). In imposing a sanction after a finding of lawyer misconduct, the Court must first consider the duty breached, the mental state of the lawyer, the injury or potential injury caused, and the aggravating and mitigating evidence pursuant to ABA *Standard* 3.0.

Respondent's failure to participate in these proceedings leaves the Court with no alternative but to consider only the established facts and rule violations set forth in the complaint in evaluating the first three factors listed above. The Court finds Respondent violated duties owed to his clients, the public, and the legal system. Respondent specifically Respondent failed to maintain his personal integrity and abide by the law. The entry of default established that Respondent *knowingly* engaged in this conduct and caused harm to the integrity of the legal profession.

The Court finds several aggravating factors exist including prior disciplinary offenses, bad faith obstruction of the disciplinary proceedings, substantial experience in the practice of the law, and illegal conduct involving the use of controlled substances. *See* ABA *Standards* 9.22(a), (e), (i) and (k). Due in part to the absence of any contradictory evidence, the Court finds clear and convincing evidence to support each aggravating factor. Respondent presented no evidence in mitigation. However, the People concede that Respondent received penalties in the

criminal process. *See* ABA *Standard* 9.32(k).

The ABA *Standards* and Colorado Supreme Court case law suggest that the presumptive sanctions for the misconduct evidenced by the admitted facts and rule violations is suspension. ABA *Standard* 5.12 states:

> Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct, which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice.

Likewise Colorado Supreme Court case law concerning lawyer misconduct in the possession of controlled substances indicates a suspension is appropriate. *See People v. Robinson,* 839 P.2d 4 (Colo.1992) and *People v. Abelman,* 804 P.2d 859 (Colo.1991).

## IV. *CONCLUSION*

One of the primary goals of our disciplinary system is to protect the public from lawyers who pose a danger to them. The facts established in the complaint, without explanation or mitigation, reveal that Respondent has violated the criminal law of the State of Colorado on two separate occasions. The evidence also shows that Respondent is currently under suspension for one year and one day for misconduct, which occurred before the events outlined above. Upon consideration of the nature of Respondent's misconduct, his mental state, the significant harm and potential harm caused to the profession, and the absence of significant mitigating factors, the Court concludes that a suspension of two years is appropriate.

## V. *ORDER*

The Court therefore **ORDERS:**

1. TIMOTHY JENSEN TUTHILL, Attorney Registration No. 19014 is **SUSPENDED** from the practice of law for a period of **TWO (2) YEARS,** effective thirty-one (31) days from the date of this Order.

2. TIMOTHY JENSEN TUTHILL **SHALL** pay the costs of these proceedings. The People shall submit a Statement of Costs within fifteen (15) days of the date of this Order. Respondent shall have ten (10) days within which to respond.