The PEOPLE of the State of Colorado, Complainant,

v.

William Stephen REED, Attorney–Respondent.

No. 97SA217.

Supreme Court of Colorado, En Banc.

Aug. 4, 1997.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Deputy Disciplinary Counsel, Denver, for Complainant.

William Stephen Reed, Las Vegas, NV, Pro Se.

PER CURIAM.

This lawyer discipline case comes to us on a stipulation, agreement, and conditional ad-

mission of misconduct. *See* C.R.C.P. 241.18. The respondent and the deputy disciplinary counsel recommended that the respondent be suspended for one year and one day. An inquiry panel of the supreme court grievance committee approved the conditional admission and the recommendation of discipline. We accept the conditional admission and order that the respondent be suspended for one year and one day.

I

We accept the facts as set forth in the stipulation of the parties. The respondent was admitted to practice law in Colorado in 1975. The respondent is the former owner of Reed and Associates, a Denver law firm that was dissolved in May of 1996.

Two large creditors of the respondent, Denver Associates and Granada Associates, obtained deficiency judgments against the respondent and his investment partners in the early 1990s following the foreclosure on certain apartment buildings purchased by the respondent and certain investment partnerships. The lawyer for the creditors filed writs of garnishment against Reed and Associates on or about October 18, 1994, to garnish the respondent's earnings. The writs were answered by an employee of Reed and Associates who stated that the respondent was paid $1,000 per month and that the firm was not holding any property.

The creditors challenged the response. On May 6, 1996, a district court judge ruled that the respondent actually received substantial sums of money from Reed and Associates, and that the respondent and his firm failed to disclose this information willfully and with the intent to defraud.

The respondent moved to Los Angeles, California and has not practiced law in Colorado since 1990. Nonetheless, the respondent allowed his name to be used by the firm and he continued to manage the firm from California through an office manager who is not a lawyer.[1]

The respondent engaged in misrepresentations and dishonesty by transferring various purported ownership interests to lawyer employees of the firm who were not managers or operating directors, did not receive profits, and did not participate in the ownership of the firm.

The respondent's misconduct occurred before and after January 1, 1993, the effective date of the Rules of Professional Conduct. He has stipulated that he violated DR 1–102(A)(4) and Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(5) and Colo. RPC 8.4(d) (engaging in conduct prejudicial to the administration of justice); DR 5–107(C) and Colo. RPC 5.4(d) (practicing law in the form of a professional corporation or association without complying with C.R.C.P. 265); and Colo. RPC 8.4(h) (engaging in conduct adversely reflecting on fitness to practice law).

II

The inquiry panel approved the conditional admission, including the recommendation that the respondent be suspended for one year and one day. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & 1992 Supp.) (ABA *Standards*), in the absence of mitigating factors, disbarment is generally warranted when "a lawyer engages in any ... intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice." *Id.* at 5.11(b). However, a public censure is proper "when a lawyer knowingly engages in ... conduct that involves dishonesty, fraud, deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice law." *Id.* at 5.13.

Finally, "[s]uspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system." *Id.* at 7.2.

---

1. The record before us does not indicate what activities related to the practice of law Reed and Associates may have engaged in; however, be-

cause of our disposition of this case, we need not make such a determination.

The respondent's dishonest and selfish motive is an aggravating factor for discipline purposes, *see id.* at 9.22(b); as is his substantial experience in the practice of law, *see id.* at 9.22(i). In mitigation, the respondent has not been previously disciplined, *see id.* at 9.32(a); and he has cooperated in these proceedings, *see id.* at 9.32(e).

A lawyer who is suspended for longer than a year is automatically required to petition for reinstatement and present clear and convincing evidence of rehabilitation and establish fitness to practice law again. *See* C.R.C.P. 241.22(b). In this case, as the conditional admission notes, "[a]ny application for reinstatement will require the respondent to prove that he has satisfied any civil judgment and that he engaged in no further acts of dishonesty."

We have found suspension for a year and a day to be an appropriate sanction when a lawyer has engaged in analogous dishonest conduct. *See, e.g., People v. Koller,* 873 P.2d 761, 763 (Colo.1994) (violating fraudulent conveyance statute to hinder, delay, or defraud judgment creditors); *People v. Phelps,* 837 P.2d 755, 759 (Colo.1992) (violating equity-skimming statute). Accordingly, we accept the conditional admission and the inquiry panel's recommendation.

### III

It is hereby ordered that William Stephen Reed be suspended from the practice of law for one year and one day, effective thirty days after the date of this opinion. It is further ordered that the respondent pay the costs of this proceeding in the amount of $49.36 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202, within thirty days after the announcement of this opinion and that respondent shall not be reinstated until after he has complied with C.R.C.P. 241.22(b)–(d).