**The PEOPLE of the State of Colorado, Complainant,**

v.

**Peter Howe BLUNT, Attorney– Respondent.**

**No. 97SA451.**

Supreme Court of Colorado, En Banc.

Feb. 2, 1998.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Peter Howe Blunt, Sausalito, CA, Pro Se.

PER CURIAM.

This is a lawyer discipline case. The complainant and the respondent entered into a stipulation, agreement and conditional admission of misconduct. *See* C.R.C.P. 241.18. The conditional admission recommended that the respondent be suspended from the practice of law in a range from six months to one year and one day. An inquiry panel of the supreme court grievance committee approved the conditional admission, and recommended a year and a day suspension. We accept the conditional admission and the inquiry panel's recommendation.

I.

The respondent was admitted to practice law in Colorado in 1973. He was the defendant in a civil action filed in the District Court for Eagle County in 1985, *Long Green Ltd. v. Blunt,* No. 85CV146. The plaintiff, Long Green Limited, a Colorado limited partnership, of which the respondent was a partner, brought the action alleging that he had breached the partnership agreement and had taken actions adverse to the partnership and other partners. The respondent denied these allegations. On January 14, 1986, the district court ordered that a receiver take over the real estate held by Long Green, and that all parties refrain from taking any action affecting the partnership property while the action was pending. Long Green was itself a partner of another partnership known as the Confluence at Beaver Creek (CABC). CABC had extensive property holdings that were also subject to the court's January 14 order. Long Green had previously filed a notice of lis pendens, and in August 1987, the respondent filed his own notice of lis pendens against the partnership property.

On the day the trial was scheduled to begin, January 5, 1988, the respondent's lawyer appeared and notified the court that the respondent had filed a petition for bankruptcy. The trial did not proceed, but the trial court entered an order on January 14 requiring the lis pendens to be removed. The respondent later withdrew the bankruptcy petition.

On June 23, 1988, the respondent signed a mutual release that released any interest in the CABC property. The respondent signed the settlement agreement on October 5, 1989, which incorporated the mutual release and the court's January 14 order. The respondent and the other parties thus relinquished all interests in the CABC property, and the receiver, through the liquidator and under the supervision of the court, could sell the property if all of the contingencies of the agreement were met. The agreement provided that "no party shall have a right to bring any legal action for the purpose of interfering with the sale of the property under the terms and provisions of a contract, accepted by the liquidator pursuant to the terms of the Stipulation and Agreement." The respondent's brother, as the trustee for the Peter Howe Blunt Children's Trust, retained a "first right of refusal" on the sale of the property. The district court approved the agreement in an order entered on November 9, 1989. On June 8, 1993, the liquidator executed a contract of sale for the property and notified the parties including the respondent and his brother.

On June 24, 1993, the respondent, acting as a purported general partner of CABC, recorded a memorandum of option agreement providing a third-party developer with a purchase option on the property. The memorandum indicates that the agreement was entered into on May 21, 1993.

The respondent then recorded a lis pendens on the property on July 19, 1993, which made reference to the settlement agreement

between the parties and to interests that the respondent or the children's trust might have in the property.

The liquidator sent letters to the optionee and the respondent requesting withdrawal of the lis pendens or execution of a quitclaim deed. No response was received, so the liquidator obtained a court order that the option agreement was invalid and received a quitclaim deed from the developer on December 16, 1993.

On January 10, 1994, the respondent, acting as a licensed California lawyer purporting to represent a plaintiff named Ray Reseler, filed an action against the liquidator in a California superior court. The respondent recorded yet another notice of lis pendens on the property in Eagle County, referencing the California action. The complaint in that action was never served on any of the parties, and was dismissed on May 10, 1994.

Long Green filed a motion to hold the respondent in contempt in the Eagle County case. On December 1, 1994, a hearing was held on the contempt motion. A lawyer appeared on behalf of the respondent and attempted to make a "special appearance" for the respondent. The respondent himself did not appear at the hearing. The district judge did not allow the special appearance, and ruled that the respondent "willfully and intentionally defied and violated" the court's January 14 order, and that he also violated the court order approving the settlement agreement by: (1) entering into the option agreement on May 21, 1993, and entering into the memorandum of option agreement recorded on June 21, 1993; (2) filing the July 19, 1993 lis pendens; (3) filing the out-of-state action on January 10, 1994; and (4) executing the January 12, 1994 lis pendens referencing the California lawsuit. The respondent was found in contempt for breaching the court's orders, for failing to appear, and for "repeated and intentional" interference with the liquidator in the latter's attempts to sell the property. The respondent was ordered to pay attorney fees to the liquidator in the amount of $10,642.51. The court also issued a warrant for the respondent's arrest.

On April 21, 1995 the respondent appeared pro se at a contempt hearing held by the same district judge who had held him in contempt following the December 1, 1994 hearing. The court found the respondent in contempt for failing to appear at the earlier proceedings, sentenced him to thirty days in jail, fined him $15,000, and assessed an additional $4,478.17 in attorney fees and costs. The respondent appealed to the court of appeals.

The court of appeals affirmed the order of contempt in part and reversed it in part. *Long Green Ltd. v. Blunt*, No. 95CA0956, slip op. at 9 (Colo.App. May 22, 1997) (not selected for publication). The part of the contempt order that was reversed was the finding that the respondent was in contempt for failing to appear at the December 1, 1994 hearing. *Id.* The court of appeals held that a different judge should have presided over the April 1995 hearing. *Id.* at 6. As the parties note in the conditional admission, "the ultimate findings regarding the failure to appear at the hearing of December 1, 1994, will not affect the discipline to which they have stipulated."

The respondent admitted that his conduct violated Colo. RPC 3.4(c) (knowingly disobeying an obligation under the rules of a tribunal); Colo. RPC 8.4(d) (engaging in conduct prejudicial to the administration of justice); and Colo. RPC 8.4(h) (engaging in conduct adversely reflecting on the lawyer's fitness to practice law).

## II.

The inquiry panel approved the conditional admission and recommended that the respondent be suspended for one year and one day. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), in the absence of aggravating or mitigating circumstances, "[s]uspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding." ABA *Standards* 6.22. In aggravation, the respondent was admonished in 1986 for delaying foreclosure proceedings against his property by filing deeds of trust

and notices to redeem. *See id.* at 9.22(a) (previous discipline is an aggravating factor for determining the proper level of discipline).

According to the complainant, the following mitigating factors are present: the respondent was experiencing personal or emotional problems at the time of the misconduct, *see id.* at 9.32(c); he has provided full and free disclosure to the grievance committee and displayed a cooperative attitude toward the proceedings, *see id.* at 9.32(e); the respondent has an otherwise good character or reputation, *see id.* at 9.32(g); and other penalties or sanctions have been imposed in the contempt proceedings, *see id.* at 9.32(k).

We have previously imposed a suspension for one year and one day for comparable misconduct by lawyers. *See People v. Reed,* 942 P.2d 1204, 1205–06 (Colo.1997) (failing to disclose receipt of substantial sums of money from law firm in garnishment proceedings and improperly transferring various purported ownership interests to employees of the firm); *People v. Groland,* 908 P.2d 75, 76–77 (Colo.1995) (repeatedly and frequently violating restraining orders, resulting in a criminal conviction; and willfully failing to comply with a child support order, resulting in a finding of contempt); *People v. Koller,* 873 P.2d 761, 762–63 (Colo.1994) (violating fraudulent conveyance statute to hinder, delay, or defraud legal malpractice judgment creditor).

Considering the seriousness of the respondent's course of conduct, we have decided to accept the conditional admission and the inquiry panel's recommendation.

### III.

Accordingly, it is hereby ordered that Peter Howe Blunt be suspended from the practice of law for one year and one day, effective thirty days after the issuance of this opinion. It is further ordered that Blunt pay the costs of this proceeding in the amount of $159.83 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202. Blunt shall not be reinstated until he has complied with C.R.C.P. 241.22(b)–(d).